## 28123. GOLDMAN *v.* CLISBY *et al.*

DECIDED APRIL 18, 1940.

*Joseph W. Popper, Harry S. Strozier,* for plaintiff.
*E. W. Maynard, Ellsworth Hall Jr., Anderson & Anderson,* for defendants.

GUERRY, J.  Mrs. Goldman brought her action against the City of Macon and J. W. Clisby.  She alleged, that Clisby was the owner of a certain building adjoining a sidewalk in the City of Macon; that while she was walking along said sidewalk adjacent to Clisby's building she stepped on a convex cake of cement, approximately six inches square and two inches high, which had been on said sidewalk long enough to be thoroughly hardened; that as a result her ankle turned and she was thrown to the sidewalk, breaking her arm and causing other injuries; that the cement cake was not readily discernible and could not have been discovered by her in the exercise of ordinary care; that said cake of cement had been there five weeks; that Clisby was chargeable with notice of the same; that Clisby had employed an independent contractor to stucco the outside of his building, and in so doing the contractor had dropped said cement on the sidewalk; that after the job had been completed Clisby accepted the work, and "thereby became responsible for said work just as though he had done it in person or by an agent;" and that Clisby was negligent in not having said cake of cement removed.  Two ordinances of the City of Macon were pleaded.  The first declared that abutting property owners must, on proper notice, lay and maintain adjacent to their property sidewalks under specifications of the city engineer.  The other declared: "It shall be the duty of each and every person in the city to keep the sidewalk in front of his residence or place of business free from all obstructions not allowed by law."

The plaintiff excepted to the sustaining of a general demurrer as to Clisby.  Her counsel says in his brief that the question to be decided is this: Where work on a building in a city, done by an independent contractor and turned over by him to the owner complete, has resulted in an obstruction allowed to remain for five weeks on a public sidewalk adjacent to the building, and a pedestrian is injured by contact with such obstruction, is the owner of the property properly joined as defendant with the municipality in a suit by the pedestrian to recover damages for the injury?  We think this a correct statement, with the addenda, that where it also appears that such obstruction is no part of said building or work required to be done by the owner, but is an obstruction that is separate and apart from the work on the building, and is a result of the negligence of the independent contractor.  Counsel for the plain-

tiff recognizes the law as embodied in the Code, § 105-501, that the employer generally is not responsible for torts committed by his employee, when the latter exercises an independent business and is not subject to the immediate direction and control of the employer. He insists, however, that under § 105-502 (6), "If the employer ratifies the unauthorized wrong of the independent contractor," he is liable, and that the acceptance of the stucco work done on this building by the employer was a ratification of the negligence of the independent contractor in dropping the cement on the sidewalk and failing to remove it. It will be borne in mind that the duty fixed by law of maintaining this street and sidewalk was on the municipality and not on the abutting landowners, and a landowner owes no duty to a pedestrian to see that the municipality maintains the sidewalk in a safe condition for travel. *Poole* v. *Southern Railway Co.,* 34 *Ga. App.* 290 (4) (129 S. E. 297). Unless Clisby did ratify the act of the independent contractor in placing this cement cake on the sidewalk, it is apparent that he has violated no duty owing to the plaintiff. The municipality is charged with the duty of ordinary care in keeping its streets and sidewalks in a reasonably safe condition, so that persons can pass along them in the ordinary methods of travel with reasonable safety. *City of Barnesville* v. *Sappington,* 58 *Ga. App.* 27, 28 (197 S. E. 342). While this duty rests on the city, it is also true that the person who places an obstruction on the street or sidewalk so as to make travel unsafe to persons exercising ordinary care is liable to such persons for injuries occasioned by such action. *Georgia Railway & Electric Co.* v. *Tompkins,* 138 *Ga.* 596 (75 S. E. 664); *Scearce* v. *Gainesville,* 33 *Ga. App.* 411 (2) (126 S. E. 883).

In all the cases cited by the plaintiff on the question of ratification it will be noted that the injuries occurred by reason of defects in the owners' properties which had been under repair by independent contractors. The owner, having accepted the work on his own property after its completion by the independent contractor, is liable for defects which the contractor caused to the property and which the owner could have discovered and remedied by the use of ordinary care. This principle, however, will not cover defective conditions caused by such contractor on the premises of third persons, although such defective conditions were created by such contractor during the course of the work or repairs on the owner's

property. If a defective condition is created by such independent contractor, the owner, by accepting the work done on his own premises, does not thereby ratify a tortious act committed elsewhere. If the defect which caused the injury had been in the wall which was being repaired or changed by the contractor, and the owner had accepted said work, he would have ratified the act and have been liable to a third person for injuries arising because of such negligence. If, in doing the work for the owner, the independent contractor created in the street an obstruction and failed to remove it, the owner, by accepting the work on his own property, did not thereby ratify the negligent creation of the obstruction by the contractor. In *Louisville & Nashville Railroad Co.* v. *Hughes,* 143 *Ga.* 206 (2) (84 S. E. 451), it will be noted that it was said that if the work done for the owner itself amounted to a nuisance, he was liable. In that case the construction of the roadbed caused water to pond on the plaintiff's property; and when the defendant accepted such work he became responsible for a resultant injury. The work accepted there was directly responsible for the maintenance of the nuisance. The ordinances pleaded created no liability on the part of Clisby to third persons, where it did not appear that the obstruction on the sidewalk was put there by Clisby or his agent. In relation to this principle nothing need be added to the opinion in *Ellis* v. *Southern Grocery Stores Inc.,* 46 *Ga. App.* 254 (2, 3) (167 S. E. 324. The court did not err in sustaining the demurrer filed by Clisby.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*