## 39617. ALTAMAHA ELECTRIC MEMBERSHIP CORPORATION v. IRVIN.

DECIDED SEPTEMBER 5, 1962.

*Sharpe & Sharpe, T. Ross Sharpe, T. Malone Sharpe,* for plaintiff in error.

*Nat O. Carter, Wm. T. Darby,* contra.'

NICHOLS, Presiding Judge. 1. The special demurrer designated as special demurrer number 6 complains of the allegations of paragraphs 18 and 19 of the petition for the reason, as contended by defendant, that plaintiff is attempting to make a dual recovery for pain and suffering in that plaintiff is asking separate damages for mental and physical pain and suffering, whereas, defendant contends to permit mental and physical pain and suffering to be so separately pled would, in effect, allow plaintiff, if successful in the prosecution of said cause, to have a double recovery and would be contrary to law. This contention is not well founded. If the plaintiff is entitled to recover at all, he is entitled to recover for both elements, physical as well as mental pain and suffering, and it must be assumed that the trial court will properly instruct the jury that each of these elements of damage is part of the item of general damages designated as pain and suffering, and that the amount to be determined would be arrived at from the jurors' enlightened conscience. It is obvious that the jury must take into consideration all of these elements in arriving at the total amount of

damages recoverable for pain and suffering. The fact that plaintiff's petition points out that the plaintiff is entitled to recover these separate elements of damages, is not harmful to the defendant, and the special demurrer is without merit.

2. We now consider the assignments of error complaining of the overruling of the general demurrer. " 'A general demurrer goes to the whole pleading to which it is addressed, and should be overruled if any part thereof is good in substance. *Blaylock v. Hackel*, 164 Ga. 257 (5) (138 SE 333).' *Calbeck v. Herrington*, 169 Ga. 869, 873 (152 SE 53). 'The petition set forth a cause of action and could not be dismissed on general demurrer. To be subject to general demurrer, a petition must be utterly lifeless. If there is a spark of life in it, it is good against such a demurrer.' *Medlock v. Aycock*, 16 Ga. App. 813 (1) (86 SE 455)." *Midland Properties Co. v. Farmer*, 100 Ga. App. 8, 33 (110 SE2d 100). The averments of the present petition substantially allege, among other things, that the defendant owned, operated and maintained a high voltage power line carrying 7,200 volts of electricity across the premises and above the dwelling house being constructed at the time for the owner, one Ben Roy McLendon; that plaintiff was employed as a subcontractor by the general contractor of said construction to sheet and roof said dwelling house; that plaintiff was about the business of his employment, with the full knowledge and permission of the defendant at the time he was injured by coming into contact with electricity emanating from said high voltage power line; that plaintiff did not know and had no reason to suspect said power line was dangerous, that on the contrary the defendant had full and complete knowledge of the inherent danger in said power line, but failed to take any precautionary safety measures, by insulation of said high voltage wire or otherwise for plaintiff's protection. "As was said in Graham v. Sandhill Power Co., 189 N. C. 381 (127 SE 429) and cited with approval in *Clinton v. Gunn-Willis Lumber Co.*, 77 Ga. App. 643, 648 (49 SE2d 143): 'A company maintaining an electric line, over which a current of high and dangerous voltage passes, in a place to which it knows or should anticipate others lawfully may resort for any reason, such as business, pleasure or curiosity, and

in such manner as exposes them to danger of contact with it by accident or inadvertence, is bound to take precaution for their safety by insulation of the wire or other adequate means.'" *Lamar Electric Membership Corp. v. Carroll,* 89 Ga. App. 440, 455 (79 SE2d 832). Accordingly, the judgment overruling defendant's general demurrer was not error.

3. The other contentions of defendant that plaintiff's petition is fatally defective for failing to show wilful and wanton negligence have been considered by the court but found to be without merit for the reason that under the decision in *Georgia Power Co. v. Leonard,* 187 Ga. 608, 613 (1 SE2d 579) the plaintiff here was neither a licensee nor a trespasser, but stood in the same shoes as the owner of the land and was on the property in the right of its owner.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*