44316. REIGHARD v. GEORGIA POWER COMPANY.

Argued March 3, 1969—Decided April 9, 1969—Rehearing denied May 9, 1969.

644

*Charles R. Carnes, Denmark Groover, Jr.,* for appellant.

*Jones, Cork, Miller & Benton, Wallace Miller, Jr.,* for appellee.

FELTON, Chief Judge. In this action for damages for personal injuries sustained by the plaintiff in contacting one of the defendant power company's live, uninsulated, high voltage, electri-

cal transmission wires 24 to 26 feet above the ground while the plaintiff workman was on the end of the 23-foot boom of his employer's diesel shovel, the complaint alleged not only that the defendant had been on notice for more than 3 months that the location of the injuries was a gravel loading site where diesels with long and high booms and workmen would operate, but also that, due to the height of the shovel booms, it was necessary *and customary* for some employees to ride atop the boom to raise the wires over the boom, *which custom was known to the defendant.* Although the defendant's showing on its motion for a summary judgment may have eliminated the factor of the *necessity* of the employees' alleged practice of riding atop the booms, it nowhere pierces the allegation of the *custom* and the defendant's knowledge thereof.

"A company maintaining an electric line, over which a current of high and dangerous voltage passes, in a place to which it knows or should anticipate others lawfully may resort for any reason, such as business, pleasure or curiosity, and in such manner as exposes them to danger of contact with it by accident or inadvertence, is bound to take precaution for their safety by insulation of the wire or other adequate means." Graham v. Sandhill Power Co., 189 N. C. 381 (127 SE 429); *Altamaha Electric &c. Corp. v. Irvin,* 106 Ga. App. 491, 492 (2) (127 SE2d 326). Although the duty of insulating such wires is not absolute, the purpose of such duty, whether arising from the common law or an ordinance, is "the protection of those who might become injured in a reasonably anticipated situation, as, for example perhaps, . . . when construction work is being performed in proximity to the uninsulated high voltage lines, as in [cases cited]." *Crosby v. Savannah Elec. &c Co.,* 114 Ga. App. 193, 203 (150 SE2d 563) and cit.

"Merely seeing the wires strung over the property would not put the plaintiff on notice of a dangerous condition." *Lamar Elec. Membership Corp. v. Carroll,* 89 Ga. App. 440, 454 (79 SE2d 832); *Midland Properties Co. v. Farmer,* 100 Ga. App. 8, 32 (110 SE2d 100), and cit. Nor would a violation of Ga. L. 1960, pp. 181, 182 (*Code Ann.* § 34B-203) necessarily bar a recovery by the plaintiff, in view of the provision of Ga. L. 1960,

pp. 181, 185 (§ 34B-209), that "[n]othing in this Chapter shall be construed or applied as limiting or reducing the duty or degree of care now applicable to owners or operators of such high-voltage lines with respect to damage or loss to person or property."

The showing on the motion for a summary judgment failed to remove the material factual issues raised by the pleadings, i. e., the defendant's knowledge of the alleged custom, the defendant's negligence, and the plaintiff's contributory negligence; therefore, the court erred in its judgment sustaining the defendant's motion for a summary judgment.

*Judgment reversed.* *Pannell and Quillian, JJ., concur.*