45248.   REED v. BATSON-COOK COMPANY.

ARGUED APRIL 6, 1970—DECIDED NOVEMBER 13, 1970.

804

*Neely, Freeman & Hawkins, Paul M. Hawkins, Albert H. Parnell,* for appellant.

*Bryan, Carter, Ansley & Smith, Melburne D. McLendon, James B. Gurley,* for appellee.

QUILLIAN, Judge. The plaintiff argues in this court that under provisions of *Code* § 105-501, the owner or occupier of property is required to keep the premises and approaches safe; that the prop-

erty having been turned over to the defendant as general contractor who was in control and possession of the premises, this statutory duty therefore fell upon it, citing *Butler v. Lewman & Co.,* 115 Ga. 752 (42 SE 98). Therefore, it is reasoned that even if the defendant was a general contractor, it could not escape responsibility for negligence or insulate itself from liability through the interposition of subcontractors or other independent contractors.

Where a general contractor is in control of the premises, such contractor obtains the status of occupier so that it has a responsibility to invitees and others entering the premises which is equivalent to that duty owed by the owner of the premises. *Central of Ga. R. Co. v. Lawley,* 33 Ga. App. 375 (4) (126 SE 273); Tyler v. Peel Corp., 371 F2d 788, 790; *McDade v. West,* 80 Ga. App. 481, 487 (56 SE2d 299), and cases cited therein; *Newburn v. Healey Real Estate &c. Co.,* 17 Ga. App. 217, 222 (86 SE 429). Here the plaintiff alleged that the injuries occurred on a public sidewalk and the defendant introduced proof that it had no knowledge of the alleged dangerous or slippery condition.

Where the injuries occur not on the property but on a sidewalk adjacent thereto, a different rule is applicable. "The law places upon a municipality the duty of keeping its sidewalks safe for travel in the ordinary manner. *Code* §§ 69-301, 69-303; *Hammock v. City of Augusta,* 83 Ga. App. 217 (63 SE2d 290). The placing of such responsibility upon municipalities relieves an abutting property owner unless he caused or actively participated in causing the obstruction or defect in the street or sidewalk." *Rhodes v. Perlis,* 83 Ga. App. 312, 313 (63 SE2d 457). The cases cited by the plaintiff are also authority for this rule. For, as was held in *Georgia R. & Elec. Co. v. Tompkins,* 138 Ga. 596, 599 (75 SE 664): "An owner of property abutting upon a street or highway is not, by virtue of being such owner, liable for defects in the street or highway. But this rule has no application where the owner of abutting property creates a defect in a street or highway or a nuisance therein. In the latter event he is liable, *not because he owns the abutting property, but because he creates or maintains the thing from which injury results."* (Emphasis supplied.) See also *Kelisen v. Savannah Theatres Co.,* 61 Ga. App. 100, 103 (5 SE2d 712), and others.

In *Goldman v. Clisby,* 62 Ga. App. 516 (8 SE2d 701), the plaintiff sued the defendant, a landowner, for an alleged negligent condition created on a public sidewalk by an independent contractor working for such landowner in accomplishing repairs to the landowner's premises. The court found no duty owed to the pedestrian by the landowner unless the landowner was the person directly responsible or unless he had ratified the wrong by accepting the property after the completion of the work by the independent contractor. It then held: "This principle [ratification], however, will not cover defective conditions caused by such contractor on the premises of third persons, although such defective conditions were created by such contractor during the course of the work or repairs on the owner's property." P. 518.

Thus, the defendant in this case, although alleged to be in control of the premises, could show that the negligent condition had been created by one who was not its servant or under its control and direction.

■ We now consider whether the defendant did establish its nonliability, i.e., that any negligence which resulted in injuries to the plaintiff was not caused by an agent or servant of the defendant. In this connection, the defendant's agent by affidavit offered extensive testimony as to the defendant's responsibility under the contract. The defendant's answer showed that its contract was in writing.

In a line of cases, our appellate courts have held that, while a written contract itself is the best evidence, oral testimony as to the contents of the contract admitted without objection is sufficient to sustain a verdict. *Cummings v. State of Ga.,* 84 Ga. App. 698, 700 (67 SE2d 156); *Thomas N. Baker Lumber Co. v. Atlantic Mill &c. Co.,* 24 Ga. App. 749 (2) (102 SE 135); *Maynard v. Rawlins,* 45 Ga. App. 91 (1) (163 SE 269); *Munroe v. Baldwin,* 145 Ga. 215 (2) (88 SE 947). In *Planters Rural Telephone Cooperative, Inc. v. Chance,* 108 Ga. App. 146 (132 SE2d 90), this court applied the same principle to a motion for summary judgment holding that the grant of a motion for summary judgment could be sustained by secondary evidence where it was admitted without objection.

Nevertheless, the Supreme Court in a recent opinion has nullified the effect of this principle insofar as a summary judgment is

concerned. *Green v. Wright,* 225 Ga. 25 (165 SE2d 843). There the court held that uncontradicted proof consisting of an affidavit as to the chain of title shown by certain deeds was inadmissible and did not require the grant of a summary judgment. The court predicated its decision on the fact that the deeds themselves were the highest and best evidence, hence the statements as to the contents of the deeds were inadmissible; further, that the deeds were not attached to the affidavit as required by *Code Ann.* § 81A-156 (e) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238).

We therefore adopt the ruling of the Supreme Court, which is controlling here, and hold that the statements contained in the affidavit as to the defendant's duties and responsibilities, absent the written contract, did not support the grant of a motion for summary judgment.

■ The plaintiff's testimony by deposition was uncertain and would not necessarily establish her right to recovery. However, the defendant was the movant for summary judgment. Under such circumstances, the rule is applicable: "The defendant, having made the motion for summary judgment, must produce evidence which conclusively negates at least one essential element entitling plaintiff to a recovery under every theory fairly drawn from the pleadings and the evidence." *Werbin & Tenenbaum, Inc. v. Heard,* 121 Ga. App. 147 (2) (173 SE2d 114); *Chastain v. Atlanta Gas Light Co.,* 122 Ga. App. 90, 91 (176 SE2d 487). Hence, the burden was on the defendant to pierce the pleadings and to show conclusively that the plaintiff had no right to recover. The proof offered failed to accomplish this.

It is further urged that the plaintiff failed to exercise ordinary care for her own safety. "Issues of negligence, including the related issues of assumption of risk, lack of ordinary care for one's own safety, lack of ordinary care in avoiding the consequences of another's negligence and comparative negligence, are ordinarily not susceptible of summary adjudication whether for or against the plaintiff or the defendant, but must be resolved by a trial in the ordinary manner." *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259 (174 SE2d 178). Thus, the trial judge erred in granting the motion for summary judgment.

*Judgment reversed. Bell, C. J., and Whitman, J., concur.*