47696. GEORGIA POWER COMPANY v. CARDEN et al.

STOLZ, Judge. On October 29, 1969, the plaintiff was employed by Macon Electric Company as an electrician

and was part of a crew from that company doing certain electrical work for the J. P. Stevens Company (Stevens) at its plant near Milledgeville. Defendant Georgia Power Company had a power substation on the premises in question, through which it provided electric power to the Stevens plant.

The Stevens plant was connected to the public road by a paved, private road over which vehicular traffic passed to and from Stevens's plant. At a point between the public road and Stevens's plant, Georgia Power Company had installed three uninsulated, high voltage power lines over the aforesaid private road, the lowest of which was 24 feet and 4 inches above the surface of the road. The plaintiff and the crew with which he was working were in the process of moving a 3000 lb. reel of wire from Stevens's loading dock to another location for their work purposes. In order to do so, the plaintiff's employer had made available a truck with a boom, wench, and cable. The cable was attached to the reel of wire, the boom was elevated from a horizontal position to a near perpendicular vertical position and the reel of wire then lifted from the loading dock. The truck, with boom so raised, proceeded to move slowly down the aforesaid private road toward the desired destination. As it did so, the plaintiff noticed that the reel of wire was coming in contact with the truck. In order to prevent the wire from being damaged, the plaintiff placed himself between the truck and the reel of wire, with one hand on the truck and the other on the reel of wire. While the plaintiff was in this position, the boom of the truck came in contact with the lowest of the high voltage power lines, the current from which passed into the plaintiff's body, causing serious permanent injuries.

In addition to the foregoing, the evidence showed that the power line was carrying 44,000 volts; that the plaintiff knew that the power line was there and that such lines

were usually not insulated; that the plaintiff was an electrician with 28 years' experience; that the type of line used in this instance, as well as its location 24 feet 4 inches above the private roadway, was within the accepted standards of "Safety Rules for the Installation and Maintenance of Electric Supply and Communication Lines, Comprising Part 2, the Definitions and the Grounding Rules of the Sixth Edition of National Electrical Safety Code," published by the U. S. Department of Commerce; and that the point of contact of the boom and the high voltage power line was 5 and 1/2 inches from the topmost end of the boom. Georgia Power Company's motion for summary judgment based on the aforesaid evidence, was denied. The trial court certified the case for immediate review pursuant to Code Ann. § 6-701 (a) (2). *Held:*

Questions of negligence, diligence, proximate cause, and assumption of risk are generally for resolution by a jury. Likewise, all evidence and inferences therefrom are construed against the movant on motion for summary judgment. These general propositions of law are so established in our law as not to require citation here. Certainly, the issue presented here is not whether the plaintiff was so guilty of contributory negligence as to bar any recovery or whether the plaintiff had voluntarily placed himself in a position of known peril and thereby assumed the risk incident thereto. The question before us is one of foreseeability on the part of Georgia Power Company, for in this state negligence, to be actionable, carries with it the concept of foreseeability. *Deco Leasing Corp. v. Harvey,* 114 Ga. App. 217, 221 (150 SE2d 699); *Hulsey v. Hightower,* 44 Ga. App. 455, 459 (161 SE 664). That is, it must appear that the alleged negligent condition was such as to put an ordinarily prudent person on notice that some injury might result therefrom. *Associated Distributors v. Canup,* 115 Ga. App. 152, 153 (154 SE2d 32);

*Misenhamer v. Pharr,* 99 Ga. App. 163 (107 SE2d 875). Paraphrasing *Misenhamer's* quote (169) from *City of Brunswick v. Glogauer,* 158 Ga. 792, 802 (124 SE 787), where the injury is said to be the result of installing the high voltage power line too low over the private road, the inquiry must be, not was there a defect in the installation? but was the power line so installed that normal travel along the private road could proceed in the usual manner without injury to those traveling thereon? and was the accident the natural and probable result of the normal use of the road with the power line so installed that Georgia Power Company could have foreseen the probability thereof? We answer these questions in the negative, for, as was said in *City of Brunswick,* supra, p. 803, "Where an injury results from an alleged defect which is not of itself of such dimensions or character as to make an accident probable, it does not justify the submission to the jury of the question of . . . negligence."

However, even if this reasoning is fallacious, we must reach the same result, as this case is controlled by statute. Code Ann. § 34B-203 (Ga. L. 1960, pp. 181, 182) prohibits transportation such as that in the case at bar where any part of the article transporting or being transported will be brought within eight feet of any high voltage lines, except where such lines have been effectively guarded against danger from accidental contact in certain specified ways, none of which existed in this case. Code Ann. § 34B-205 (Ga. L. 1960, pp. 181, 183) provides that, when such transportation or moving is to be performed within eight feet of any high voltage lines, the person or persons responsible therefor shall notify the owner or operator of the high voltage lines so that the safety precautions required in Code Ann. § 34B-203, supra, can be implemented.

Georgia Power Company, as owner and operator of the high voltage power lines in this case, is entitled to the

protection of the statute. It could not foresee that the plaintiff's fellow employee would drive the plaintiff's employer's truck with the boom so raised as to come in contact with the high voltage power line in direct violation of the statutes.

This case is not in conflict with *Savannah Electric &c. Co. v. Holton,* 127 Ga. App. 447 (193 SE2d 866), as a cursory reading will make abundantly clear. The two cases are obviously distinguishable on their facts.

There is no material issue of fact before the trial court for resolution by a jury. It was therefore error to deny defendant Georgia Power Company's motion for summary judgment.

*Judgment reversed. Eberhardt, P. J., and Pannell, J., concur.*

SUBMITTED JANUARY 9, 1973 — DECIDED FEBRUARY 7, 1973 — REHEARING DENIED MARCH 1, 1973 — ▆▆▆

*Jones, Cork, Miller & Benton, Wallace Miller, Jr., W. Warren Plowden, Jr.,* for appellant.

*James & Shipp, John E. James, James Peugh,* for appellees.