## 27939. CARDEN v. GEORGIA POWER COMPANY.

GUNTER, Justice. This case is here by writ of certiorari to the Court of Appeals. Appellant, plaintiff in the trial court, was injured when machinery with which he was working came in contact with high tension wires owned and maintained by Georgia Power Company, the appellee-respondent here and the defendant in the trial court. The plaintiff brought an action in the trial court seeking recovery of damages allegedly caused by the negligence of the power company. The power company made a motion for summary judgment which was denied by the trial court; a certificate for immediate review was granted; and on appeal to the Court of Appeals the judgment of the trial court was reversed. See *Georgia Power Co. v. Carden,* 128 Ga. App. 347 (196 SE2d 477).

We granted a writ of certiorari to review the decision of the Court of Appeals on two counts: (1) The granting of a summary judgment as a matter of law in favor of the power company, and (2) the treatment accorded Chapter 34B-2 (Ga. L. 1960, p. 181) by the Court of Appeals.

A review of the record in the trial court on the summary judgment issue reveals that the only negligence on the part of the power company presented by the evidence was that the power company maintained its high tension lines above a traveled roadway at a minimum height of twenty-four feet four inches, and that the power company knew or should have known that electrical construction work was being conducted by other parties in the immediate vicinity of the high tension wires maintained at this height above the traveled roadway. The Court of Appeals held that the mere maintenance of high tension wires at the minimum height shown by the evidence over a traveled roadway did not constitute actionable negligence; that the power company was entitled to the protection of Code Ann. Ch. 34B-2; and that there was no material issue of fact in the case for determination by a jury.

In a negligence case, presented on motion for summary judgment by a defendant charged with negligence, the trial judge must determine: (1) the defendant's duty to the plaintiff and the risks that fall within the scope of that duty, and (2) the sufficiency of the evidence to raise an issue of fact.

It is elementary that one maintaining high tension lines must do so in such a manner and at such a location as not to injure

persons who might be reasonably expected to come in contact with such lines. That was the duty owed by the power company to the plaintiff in this case. The evidence showed that the lines in this case were maintained at a minimum height of twenty-four feet four inches above the traveled roadway. This being so, what risks fall within the scope of the power company's duty in this case?

In our present mode of living in Georgia, in a society in which the transmission of electricity is an absolute necessity for our economic, social, and cultural well-being, we hold that the mere maintenance, without more, of high tension lines at the minimum height shown by the evidence in this case does not create any risks within the scope of the duty owed as hereinbefore defined. In short, the mere maintenance, without more, of high tension wires at a minimum height of twenty-four feet four inches above a traveled roadway is not actionable negligence.

We now turn to the contention that the evidence showed that the power company knew or should have known of the fact that electrical construction work by other parties was going on in the immediate vicinity of the place where its lines were being maintained at the minimum height showed by the evidence. Since the effective date of Code Ann. Ch. 34B-2, construction work within eight feet of "high-voltage lines" which are otherwise properly located and maintained, as in this case, is prohibited unless "the person or persons responsible for the work to be done shall promptly notify the owner or operator of the high-voltage lines of the work to be performed . . ." Code Ann. §§ 34B-203, 34B-205. To us this statute means that for a "construction-work risk" to be brought within the duty owed by the owner and maintainer of the high-voltage lines, then the notice required by the statute must have been given by the responsible party, Macon Electric Company in this case. In other words, this statute places a duty upon the owner and maintainer of high-voltage lines where notice is given of a "construction work risk" although such owner would otherwise not be liable. Without such notice, and the summary judgment evidence shows none in this case, the risk involved here was not within the scope of the duty owed by the power company to the plaintiff. However, we agree with Division 3 of the opinion of the Court of Appeals in *Savannah Elec. &c. Co. v. Holton,* 127 Ga. App. 447 (193 SE2d 866), to the effect that a mere employee of a construction

company, not having notification responsibility under the statute (Code Ann. Ch. 34B-2), cannot be contributorily negligent as a matter of law just because he performed activities within the prohibited eight feet from high-voltage lines.

Also, we have carefully examined the decision of the Court of Appeals in *Reighard v. Georgia Power Co.*, 119 Ga. App. 640 (168 SE2d 639), and to the extent that what is there held is in conflict with what we now hold in the instant case, the *Reighard* decision is disapproved and will not be followed.

We conclude that there was no material issue of fact for determination in the trial court, the trial court's refusal to grant summary judgment for the defendant was erroneous, and the judgment of the Court of Appeals was correct.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 9, 1973 — DECIDED NOVEMBER 29, 1973.

*James & Shipp, John E. James, James E. Peugh,* for appellant. *Jones, Cork, Miller & Benton, Wallace Miller, Jr., W. Warren Plowden, Jr.,* for appellee.