### 59701. HERMAN et al. v. WALSH et al.

DEEN, Chief Judge.

This is an appeal from the grant of motions for summary judgment in favor of appellees Walsh and Wright and was brought within thirty days after the trial of the case against Georgia Commercial Properties Corporation, as permitted under *Culwell v. Lomas & Nettleton Co.,* 242 Ga. 242 (248 SE2d 641) (1978). (The corporation did not file a motion for summary judgment.)

Appellants brought an action for damages against Walsh, Wright and Georgia Commercial Properties alleging that the parties had negotiated a lease for a movie theatre which was to be constructed by appellees in a shopping center in Griffin, Georgia, and that appellees violated the agreement by refusing to construct the theatre. The defendants denied the allegations contained in the complaint and responded to appellant's request for admissions by admitting that Walsh was president of the corporation in July and August of 1971, but denied that he executed the lease agreement in his capacity as president or that he was authorized to execute such agreements. In response to the interrogatories, the defendants contend that the lease agreement between the plaintiffs and the

corporation, dated July 13, 1971, was a tentative lease subject to approval by Network Cinema Corp. and Georgia Commercial Properties, and was also subject to Georgia Commercial Properties obtaining construction financing and permanent financing for the construction of improvements at the shopping center. Plaintiffs and Network Cinema proposed certain additions and amendments to the tentative lease, and a new tentative lease, dated August 25, 1971, was drawn up to include the changes. The new tentative agreement was also subject to the approval of the two corporations and to Georgia Commercial Properties obtaining construction and permanent financing. Appellees contended that the new tentative lease was never approved by either party and that the financing condition was not satisfied. The answers to the request for admissions and answers to interrogatories were verified under oath by Walsh, Wright and Sechler, the president of Georgia Commercial Properties. The tentative leases, however, do not appear in the record.

While the moving party on a motion for summary judgment has the burden of establishing the non-existence of any material fact and all doubts are resolved in favor of the party opposing the motion, *Ham v. Ham,* 230 Ga. 43 (195 SE2d 429) (1973), " '[t]he burden of proof can be shifted, however, when a prima facie showing is made that the moving party is entitled to judgment as a matter of law. The opposite party must come forward with rebuttal evidence *at that time,* or suffer a judgment against him. . . One opposing the motion must present the essence of his case or else suffer judgment against him. As stated in the Act itself, a response "must set forth specific facts showing that there is a genuine issue for trial." ' [Cit.]" *Skinner v. Humble Oil & Refining Co.,* 145 Ga. App. 372, 374 (243 SE2d 732) (1978). Here, the plaintiff did nothing to meet its burden of proof; it did not rebut the defendant's verified answer to the request for admissions and response to interrogatories. We find nothing in the record to support appellant's contention that the trial court was merely ruling that venue as to the two nonresident defendants was improper. Both motions contend that there was no issue of material fact and the trial court's order states that the grant of summary judgment was made "after hearing argument of counsel and considering the pleadings and evidence on file."

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

ARGUED APRIL 7, 1980 — DECIDED
MAY 21, 1980.

*Joe H. Bynum, Jr.,* for appellants.

*David H. Flint, Thomas C. Bianco,* for appellees.