60540. HUCKABEE BUICK, INC. et al. v. MILLER.

POPE, Judge.

Mrs. Miller brought suit against Huckabee Buick, Inc. and Leo B. Huckabee, Jr., alleging that Huckabee Buick was indebted to her in the amount of $35,382.12 plus interest on a promissory note; and that Leo B. Huckabee, Jr. was jointly liable on the note by virtue of a guaranty of payment agreement executed the same date as the note. Copies of all relevant documents were attached to the complaint. Appellants answered, denying jurisdiction and service and asserting that the instruments were executed under fraud and duress exercised by Mrs. Miller or her attorneys or representatives and filed a counterclaim for insurance premiums alleged to be due to Huckabee Buick. The court overruled appellant's jurisdiction and service defenses and Mrs. Miller filed a motion for summary judgment. After considering affidavits filed by the parties and hearing argument of counsel, summary judgment was granted in favor of Mrs. Miller on the ground that there was no genuine issue as to any material fact raised either by the complaint or by the counterclaim.

Appellants contend on appeal that their pleadings and affidavits did raise genuine issues of material fact in regard to the circumstances and reasons for executing the note and guaranty agreement. We do not agree. While appellants' pleadings and affidavits admitted all the essential allegations of liability under the note and guaranty, Huckabee insists that he was required to execute these documents because he was overdrawn at and owed money to his bank. However, no evidence was submitted to indicate that the bank was acting on Mrs. Miller's behalf, that she had any knowledge of the bank's actions, or that she had agreed to repay Huckabee Buick for any insurance premiums paid in her behalf. In any event, most of the statements made in appellants' affidavits were conclusory or hearsay. Since appellants failed to meet their burden of coming forth with evidence to rebut Mrs. Miller's prima facie showing that she was entitled to judgment as a matter of law, the trial court correctly entered summary judgment in her favor. Code Ann. § 81A-156(e). Accord, *Boatman v. C. & S. Nat. Bank,* 155 Ga. App. 848 (2) (273 SE2d 190) (1980); *Herman v. Walsh,* 154 Ga. App. 712 (269 SE2d

535) (1980); *Belcher v. Logan,* 150 Ga. App. 249 (1) (257 SE2d 299) (1979).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

<small>DECIDED FEBRUARY 10, 1981.</small>

*Joseph J. Burton, Jr.,* for appellants.
*Thomas S. Chambless,* for appellee.