### 75552. McKNIGHT v. GOLDEN ISLES MARINA, INC.
(366 SE2d 830)

CARLEY, Judge.

In March of 1984, appellant-plaintiff entered into a contract to purchase a yet-to-be constructed condominium unit from appellee-defendant. It is undisputed that contemporaneous with his entry into the contract or within a short time thereafter, appellant was provided with a copy of the floor plan of the unit which he had agreed to purchase. See OCGA § 44-3-111 (b) (1). Printed on the copy of this floor plan which appellee provided to appellant was the following: "Heated, 1,420 S[quare] F[eet]."

In September of 1985, appellant filed this action against appellee. In his complaint, appellant asserted that his contract with appellee was voidable pursuant to OCGA § 44-3-111 and he sought the return of his deposit, interest, and attorney's fees. The basis upon which appellant asserted that the contract was voidable was, insofar as it is relevant to this appeal, that the condominium unit contained only 1,394.7 rather than 1,420 square feet. Appellee answered, denying the material allegations of appellant's complaint, and appellee subsequently moved for summary judgment in its favor. The trial court granted appellee's motion and appellant appeals from the grant of summary judgment in favor of appellee.

1. Appellant predicates an enumeration of error upon appellee's failure to comply with that portion of Rule 6.5 of the Uniform Superior Court Rules which provides that "there shall be annexed to the notice of motion [for summary judgment] a separate, short and concise statement of each theory of recovery and of each of the material facts as to which the moving party contends there is no genuine issue to be tried."

The record shows that appellee's motion itself contained a clear and concise statement of the relevant contentions. Accordingly, the "failure to file a separate pleading resulted in no confusion or disadvantage to [appellant] in defending the motion." *Martin v. Wilson,* 184 Ga. App. 196 (2) (361 SE2d 209) (1987). This enumeration of error is without merit.

2. Appellant enumerates as error the grant of appellee's motion, contending, in essence, that a genuine issue of fact remains as to his right to void the contract pursuant to OCGA § 44-3-111 (c) (1): "Any

covered contract shall be voidable by the buyer until at least seven days after the seller has furnished to the buyer all of the items required to be furnished [pursuant to subsection (b) of OCGA § 44-3-111]. . . ."

Appellant's reliance upon OCGA § 44-3-111 (c) (1) is misplaced. That provision provides that a condominium purchaser has an absolute right to void his contract within a "cooling off" period of at least seven days after his receipt of specified materials which contain information relevant to his purchase. It is undisputed, however, that appellant received the specified materials but he did not exercise his right to void the contract within the seven-day period. Contrary to appellant's assertions, OCGA § 44-3-111 does *not* entitle him to an additional seven-day period after all *subsequent* amendments to the condominium declaration. "Any covered contract shall be voidable by the buyer until at least seven days after the seller has furnished to the prospective buyer . . . A copy of the declaration and of each amendment thereto *as of that time. . . .*" (Emphasis supplied.) OCGA § 44-3-111 (b) (2). See OCGA § 44-3-111 (d), which relates to a subsequent change in the terms of the original materials furnished to a prospective buyer.

If appellant has any right to void the contract pursuant to OCGA § 44-3-111, it would only be pursuant to subsections (i) and (j) rather than to subsection (c) of that statutory provision. "Any person who, in reasonable reliance upon any *false or misleading material statement or information* published by or under authority from the seller in advertising and promotional materials, including but not limited to, the items required to be furnished by this Code section, . . . pays anything of value toward the purchase of a condominium unit located in this state shall be entitled to bring an action against the seller for damages. . . ." (Emphasis supplied.) OCGA § 44-3-111 (i). "Any person who has a right of action for damages . . . shall have the *additional right to rescind* any contract for the purchase of a condominium unit at any time prior to the closing of the transaction." (Emphasis supplied.) OCGA § 44-3-111 (j). Accordingly, the question becomes whether a genuine issue remains as to the existence of any false or misleading material statements or information provided by appellee to appellant regarding the condominium unit that he had contracted to purchase.

The evidence is undisputed that the condominium unit which appellee constructed actually contains 1,420 square feet of *heated space,* exactly as had been represented on the floor plan which had been furnished to appellant. According to the affidavit of appellee's expert, the area of heated space in "condominiums or other structures which have or share a common wall, . . . is calculated by *measuring to the exterior surface of exterior walls and to the center line of common*

*walls.* This method is the normal, customary and standard method of calculating area of buildings in the United States in that the insulation within the walls must be heated and cooled, and it is necessary to determine the total area or size to be heated and cooled to provide effective temperature control and to determine the size of the heating and cooling equipment needed for any individual dwelling or building." The undisputed evidence of record also shows that appellant had calculated the area of accessible space in the unit and had arrived at the figures of 1,394.7 square feet by measuring from the *interior surfaces of the unit's interior walls.* However, according to the uncontradicted testimony of appellee's expert, "[s]uch calculation [of the accessible area as appellant had made of his unit] would not be the customary or standard used in determining square footage." Thus, appellant was provided with a floor plan which indicated that the unit would contain 1,420 square feet of heated space. As built, the unit actually contained 1,420 square feet of heated space, of which approximately 1,394.7 square feet of area would actually be accessible to its occupant. It follows that the floor plan which was provided to appellant by appellee contained no "false or misleading material statement or information. . . ."

Although the unit which appellant contracted to buy did contain 1,420 square feet of heated space, the original condominium declaration, as worded, provided that it was only the area between the interior walls which was to be owned in fee simple by a prospective buyer. However, the original condominium declaration was subsequently amended to provide that all of the 1,420 square feet of heated space was to be owned in fee simple. This subsequent amendment did not relate to any "false or misleading material statement or information" contained in the original declaration which appellee provided to appellant. It was, if anything, a beneficial change to purchasers. The amendment increased the total amount of square footage to which appellant would have actual ownership. Pursuant to the amendment, appellant's fee simple ownership of the unit was made co-extensive with the 1,420 total square footage of the heated area of which it was comprised and was no longer co-extensive with the mere 1,394.7 square feet of accessible area. The trial court did not err in granting summary judgment in favor of appellee.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED MARCH 4, 1988.

John T. McKnight, *pro se.*
G. *Carroll Palmatary*, for appellee.