77746. BALKE et al. v. RED ROOF COLLEGE PARK COMPANY et al.
(380 SE2d 61)

CARLEY, Chief Judge.

Appellant-plaintiff Marion Balke was injured while she was a guest at the motel facility owned by appellee-defendant Red Roof College Park Company (Red Roof). Appellee Red Roof's motel is adjacent to a Holiday Inn and the parking lots of the two motels are separated only by a landscaped median. At the times relevant to this appeal, there was no designated and maintained walkway over the median, only a worn footpath. Having decided to eat at the Holiday Inn, appellant Mrs. Balke used the worn footpath to cross over the median which separated the two motels. She took the same route on her return trip. While navigating the footpath on this occasion, however, she tripped on a metal stake which was protruding from the ground approximately two inches. She fell and was injured.

Appellant Mrs. Balke brought suit, alleging that appellee Red Roof had negligently breached the duty to keep its premises safe for invitees. Her husband, appellant-plaintiff Harry Balke, also filed suit, seeking to recover for loss of consortium. Subsequently, appellants amended their complaints to add appellee-defendant Witherington Landscaping Company (Witherington) as a party to the action. Witherington is the company with whom appellee Red Roof had contracted for the landscaping of the median and appellants alleged that, in its performance of that contract, appellee Witherington had been negligent in its use and placement of the metal stake. During the discovery process, it was determined that the metal stake which had allegedly caused appellant Mrs. Balke to fall was actually located on the Holiday Inn property and, based on this evidence, appellee Red Roof moved for summary judgment. Appellee Witherington also moved for summary judgment, conceding, for the purposes of its motion, that it had placed the metal stake in the median as a guy wire anchor for the trees, but urging that it had not been negligent in doing so. The trial court granted summary judgment in favor of both appellees. It is from the trial court's order granting appellees' motions for summary judgment that appellants bring this appeal.

1. The undisputed evidence of record shows that appellant Mrs. Balke did not fall on appellee Red Roof's property and that appellee Witherington was acting as appellee Red Roof's independent contractor if and when it placed the metal stake on the adjacent Holiday Inn property. Construing this evidence most strongly against appellee Red

Roof, as the movant, no genuine issue of material fact remains as to its liability to appellants. "The owner [of property], having accepted the work on his own property after its completion by the independent contractor, is liable for defects which the contractor caused to the property and which the owner could have discovered and remedied by the use of ordinary care. This principle, however, will not cover defective conditions caused by such contractor on the premises of third persons, although such defective conditions were created by such contractor during the course of the work or repairs on the owner's property. If a defective condition is created by such independent contractor, the owner, by accepting the work done on his own premises, does not thereby ratify a tortious act committed elsewhere." *Goldman v. Clisby*, 62 Ga. App. 516, 518-519 (8 SE2d 701) (1940). See also *Reed v. Batson-Cook Co.*, 122 Ga. App. 803 (178 SE2d 728) (1970). The trial court correctly granted summary judgment in favor of appellee Red Roof.

2. Appellants enumerate as error the trial court's grant of summary judgment in favor of appellee Witherington, urging that a genuine issue of material fact remains as to the reasonable foreseeability that the use and the placement of the metal stake in the median would create a hazardous condition for pedestrians.

"[I]n this state negligence, to be actionable, carries with it the concept of foreseeability. [Cits.] That is, it must appear that the alleged negligent condition was such as to put an ordinarily prudent person on notice that some injury might result therefrom. [Cit.]" *Georgia Power Co. v. Carden*, 128 Ga. App. 347, 349-350 (196 SE2d 477) (1973), aff'd 231 Ga. 456 (202 SE2d 55) (1973). Thus, use of a metal stake may be actionable if, under the evidence, it was foreseeable that its use and placement would create an unreasonable risk of injury. See *International Paper Realty Co. v. Bethune*, 256 Ga. 54 (344 SE2d 228) (1986). In support of its motion for summary judgment, appellee Witherington submitted the affidavit of its president, wherein he swore that "[t]here were no designated or anticipated walkways, on the plans presented to m[e] by Red Roof, in the area to be landscaped between the parking lots." Accordingly, at the time that appellee Witherington placed the metal stake on the median, it was not anticipated that the median would be used by pedestrians and the worn pathway over the median apparently developed as the result of pedestrian use only after the landscaping work had been completed. Thus, the metal stake was not originally placed so as to create an unreasonable risk of injury to pedestrians and, assuming that it did subsequently become dangerous to pedestrians, it was solely as the result of events over which appellee Witherington had no control. Compare *International Paper Realty Co. v. Bethune*, 177 Ga. App. 330 (339 SE2d 296) (1985), aff'd 256 Ga. 54, supra (wherein

there was no evidence to negate the foreseeability that the placement of an iron surveying pin would create an unreasonable risk of injury to those using the adjacent public land.) This evidence was sufficient to shift the burden to appellants to produce evidence showing that the use of the median as a walkway by pedestrians was foreseeable to appellee Witherington. A review of the record discloses, however, no such evidence. "While the moving party on a motion for summary judgment has the burden of establishing the non-existence of any material fact and all doubts are resolved in favor of the party opposing the motion, [(cit.)], ' "(t)he burden of proof can be shifted, however, when a prima facie showing is made that the moving party is entitled to judgment as a matter of law. The opposite party must come forward with rebuttal evidence *at that time* or suffer a judgment against him. . . ." [Cit.]' [Cit.]" (Emphasis in original.) *Herman v. Walsh*, 154 Ga. App. 712, 713 (269 SE2d 535) (1980). " 'A defendant who has cast upon a plaintiff the burden of responding with evidence to create or preserve a genuine issue of fact is entitled to prevail by summary judgment in the absence of any rebuttal evidence. [Cits.]' [Cits.]" *Bethune v. Leake*, 177 Ga. App., supra at 330 (1). The trial court correctly granted summary judgment in favor of appellee Witherington.

3. "Appellant[s] predicate an enumeration of error upon [appellee Witherington's] failure to comply with that portion of Rule 6.5 of the Uniform Superior Court Rules which provides that 'there shall be annexed to the notice of motion (for summary judgment) a separate, short and concise statement of each theory of recovery and of each of the material facts as to which the moving party contends there is no genuine issue to be tried.' The record shows that [appellee Witherington's] motion itself contained a clear and concise statement of the relevant contentions. Accordingly, the 'failure to file a separate pleading resulted in no confusion or disadvantage to (appellants) in defending the motion.' [Cit.] This enumeration of error is without merit." *McKnight v. Golden Isles Marina*, 186 Ga. App. 228 (1) (366 SE2d 830) (1988).

4. Appellants' remaining enumeration has been considered and found to be without merit.

*Judgments affirmed. McMurray, P. J., Banke, P. J., Birdsong, Sognier, Pope, Benham and Beasley, JJ., concur. Deen, P. J., dissents.*

DEEN, Presiding Judge, dissenting.

The majority opinion affirms the grant of summary judgment for the appellee motel on the basis that the appellant was injured on property actually owned by another entity, and for the appellee landscaper on the basis that there was no evidence that the median would have any pedestrian traffic. However, the contract between the two

appellees specifically provided that the landscaper would "restrict traffic from lawn areas until grass is established. Erect signs and barriers if required." That evidence was sufficient to create a jury question on the issue of foreseeability of pedestrian traffic; the parties had obviously contemplated such.

The fact that another entity actually owned the median where the appellant fell and sustained her injury does not absolutely absolve the appellee motel from every possibility of liability. "[A]n owner or occupier of land has a duty under OCGA § 51-3-1 with regard to the approach to his premises circumscribed by his right in the approach. If his right in the approach is the fee then the duty under OCGA § 51-3-1 is the exercise of due care by one who has the rights of an owner of a fee. He has the widest latitude in the use of the approach and must exercise due care within that framework to keep the approach safe. If his right in the approach is an easement his duty is to use due care toward his invitees in the exercise of his rights under the easement. He has a more limited framework than the owner of a fee. His duty does not require him to do things not permitted under the easement. If the approach is a public way his duty under OCGA § 51-3-1 is to exercise due care within the confines of his right in the public way. His rights in the public way may be quite limited but nonetheless exist." *Todd v. F. W. Woolworth Co.*, 258 Ga. 194, 196 (366 SE2d 674) (1988).

The evidence supported a finding that the appellee motel utilized the median as an approach, and benefited from that use. Its right in the approach may not have reached the level of easement, but that was not necessary under *Todd v. F. W. Woolworth Co.*, supra. The trial court evidently concluded otherwise, and for that reason granting summary judgment was inappropriate.

Accordingly, I must respectfully dissent.

DECIDED FEBRUARY 22, 1989 —
REHEARING DENIED MARCH 15, 1989 — 

*Fortson & White, A. Jack Hinton, Douglas R. Powell,* for appellants.
*Smith, Gambrell & Russell, David A. Handley,* for appellees.