A90A0666. COLLIER v. POWELL.
(396 SE2d 264)

COOPER, Judge.

Appellant appeals the trial court's denial of his motion for summary judgment and grant of summary judgment to appellee. He also contends the trial court failed to consider an affidavit attached to his motion and his response to appellee's cross-motion for summary judgment.

The record reveals that appellee, an insurance adjuster, requested that appellant come to his office so that appellant's damaged car could be appraised and photographed. Appellee's office was located in a corporate office complex, and it appears appellant was given no specific parking instructions. After appellee had taken statements from appellant and a companion, the three proceeded to the parking lot to view the car and discovered the car was missing. An affidavit of an employee of the building management company indicated that another tenant in the complex complained that appellant's car was improperly parked. When he arrived, he observed that appellant's car was parked parallel to the curb in an area for perpendicular parking and was blocking several properly parked cars. He stated that he and several others attempted to locate the car's owner for thirty to forty-five minutes before contacting the wrecker service. Appellant alleged in his complaint that appellee tricked him into driving his car to appellee's office so that the building manager could have the car towed.

1. " 'In order "(t)o prevail on a motion for summary judgment (OCGA § 9-11-56), a defendant movant is required to pierce the allegations of the complaint and to establish as a matter of law that the plaintiff could not recover under any theory fairly drawn from the pleadings and the evidence. [Cits.]" ' " *Baughcum v. Cecil Key Paving*, 190 Ga. App. 21 (1) (378 SE2d 151) (1989). Affidavits submitted by appellee demonstrate that he had no knowledge of the towing and that the decision to tow was made by the building management company. " 'The burden of proof is shifted when the moving party makes a prima facie showing that it is entitled to judgment as a matter of law. At that time the opposing party must come forward with rebuttal

evidence or suffer judgment against him. [Cits.]' " *Baughcum*, supra. The affidavit provided by appellant's companion stated only that appellant's car was not blocking any other cars in the parking lot. Appellant presented no evidence to support his allegations concerning the appellee's role in having his car towed. Therefore, the court did not err in denying appellant's motion for summary judgment and granting appellee summary judgment. *Balke v. Red Roof College Park Co.*, 190 Ga. App. 779 (2) (380 SE2d 61) (1989).

2. The order entered by the trial court states that the court reviewed "the motions, affidavits, pleadings, and other matter on file" in its consideration of the motions for summary judgment, hence, appellant's contention in this regard is without merit.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED JULY 2, 1990 —
REHEARING DENIED JULY 25, 1990.

Jerry Larry Collier, *pro se.*
*McClain & Merritt, William S. Sutton*, for appellee.