### S97A1772. WHITE MISSIONARY BAPTIST CHURCH v. TRUSTEES OF FIRST BAPTIST CHURCH OF WHITE, GEORGIA.
(492 SE2d 661)

CARLEY, Justice.

First Baptist Church of White, Georgia (First Baptist), a Southern Baptist Church, called a Missionary Baptist minister, Richard Huskins, to be its new pastor. At the instigation of the Rev. Huskins, White Missionary Baptist Church (Appellant) was organized and began to use First Baptist's property. However, no deed conveying the property from First Baptist to Appellant was ever executed. Subsequently, the trustees of First Baptist (Appellees) brought suit for recovery of First Baptist's property. Appellant answered and counterclaimed for recovery of checkbooks and other records held by Appellee Frank Stephens, but alleged to belong to Appellant. The trial court granted Appellees' motion for summary judgment, and Appellant appeals.

1. Appellant contends that it was error to grant summary judgment because genuine issues of material fact remain as to whether First Baptist's membership voted to disband and to transfer its assets and liabilities to the newly organized Appellant. The only indications in the record of such a vote are contained in affidavits of Rev. Huskins, his wife, and Evie Drawdy.

In one affidavit, Ms. Huskins declared that she was elected clerk pro tem of First Baptist and that the attached minutes were made in the regular course of business. However, she did not state that it was the regular course of business to create those minutes at the time of the acts recorded therein or within a reasonable time thereafter.

OCGA § 24-3-14 (b). Without such a statement, the alleged minutes are not admissible. *Moore v. State*, 154 Ga. App. 535 (268 SE2d 706) (1980). Compare *Martin v. Glenn's Furniture Co.,* 126 Ga. App. 692, 695 (1) (191 SE2d 567) (1972). Thus, we are unable to consider those minutes on review of the order granting summary judgment. *Leasecomp, Inc. v. Mercedes-Benz Credit Corp.*, 202 Ga. App. 567, 568 (2) (415 SE2d 178) (1992); *Sullivan v. Fabe*, 198 Ga. App. 824, 829 (3) (403 SE2d 208) (1991).

In the other affidavits, the Huskinses and Ms. Drawdy stated that the members of First Baptist voted to disband and to transfer all assets and liabilities to Appellant. By doing so, however, they were recounting, in indirect form, the collective statement of First Baptist members in favor of disbanding and transfer to prove that group's decision to do so. Thus, the Huskinses' and Ms. Drawdy's statements regarding the First Baptist vote are inadmissible hearsay. See *State v. Judkins*, 242 NW2d 266, 267-268 (Iowa 1976); *Frampton v. Hartzell*, 4 Cal. Rptr. 427, 429 (Cal. App. 1960); *Clark v. Hudson*, 93 S2d 138, 142 (Ala. 1956); *Bauman v. People*, 274 P2d 591, 592 (Colo. 1954); *Village of Ponca v. Crawford*, 26 NW 365, 367-368 (Neb. 1886).

"[H]earsay testimony is not only inadmissible but wholly without probative value, and its introduction without objection does not give it any weight or force whatever in establishing a fact." *Higgins v. Trentham*, 186 Ga. 264 (1) (197 SE 862) (1938). Therefore, the hearsay contained in the affidavits filed by Appellant cannot be considered in determining whether the grant of summary judgment was correct. *Southern Med. Corp. v. Liberty Mut. Ins. Co.*, 216 Ga. App. 289, 291 (2) (454 SE2d 180) (1995). Accordingly, Appellant has produced no probative evidence that First Baptist no longer exists or that it voted to transfer its assets to Appellant. Thus, evidence that the Church property is held in the name of the trustees of First Baptist and their successors is undisputed. On this basis, the trial court correctly granted summary judgment in favor of Appellees, as the current trustees of First Baptist.

2. In asserting that the trial court erred in granting summary judgment in favor of Appellees on the counterclaim, Appellant argues that no evidence was presented as to the identity or ownership of the parties' bank accounts. However, in verified responses to interrogatories and requests for admission, Stephens and the other Appellees denied changing the name of any account from White Missionary Baptist Church to First Baptist Church or transferring funds from a White Missionary Baptist account to a First Baptist account. Appellant, as the plaintiff-in-counterclaim, "did nothing to meet its burden of proof; it did not rebut [Appellees'] verified answer to the request for admissions and response to interrogatories." *Herman v. Walsh*, 154 Ga. App. 712, 713 (269 SE2d 535) (1980). Thus, the trial court

correctly found that the parties should retain their bank accounts in their respective names, as presently held. See *Herman v. Walsh*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 17, 1997.

*John W. Childers,* for appellant.
*Newton H. Purvis,* for appellee.