### SEDLMEYR *v.* CITY OF FITZGERALD.

ATKINSON, J.:  Bertha Sedlmeyr instituted suit against the City of Fitzgerald for damages on account of the homicide of her sixteen-year-old unmarried son, on whom she was dependent, and who contributed substantially to her support, alleging in substance as follows:  The defendant owned and operated an electric-light system, and maintained certain electric wires stretched on poles along a designated alley, twenty feet and four inches above and parallel with the ground, which wires on a designated day were heavily charged with electricity.  J. J. Terry owned a house, twenty feet high, which he decided to remove to a new location, and in order to do so it was necessary to cross the alley at a designated place.  He obtained permission from the defendant through its mayor, "who was authorized to grant such permission," to move the house across the alley to the new location.  Plaintiff's son was employed by Terry's contractor as a common laborer to assist in moving the house.  In moving the house across the alley, the chimney came in contact with the wires, and it became necessary to lift them over the chimney.  The contractor furnished plaintiff's son with a wooden stick about three feet long, and directed him to go upon the house and lift the wires above the chimney.  He proceeded to execute the command, and touched the wires with the stick, releasing them, whereupon they rebounded and came in contact with him, and an electric current passed through his body, killing him instantly.  The wires, at the place of the catastrophe, were not insulated at all, the insulation having rotted or worn off, and having been permitted to exist in such condition for a sufficient length of time to bring notice home to the city of the defective condition.  They had been permitted to remain with the same insulation from the time they were insulated in 1899 until 1909, without any inspection or repairs.  If the wires had been properly insulated, the injury could not have occurred.  Ordinary inspection by the city would have disclosed the defective insulation of the wires.  The dangerous condition of the wires left without insulation was the proximate cause of the injury.  Plaintiff's son was inexperienced and unacquainted with

the dangers incident to electricity, and of coming in contact with wires of an electric plant, and could not by the exercise of ordinary care have known·that it was dangerous for him to touch the wires with a wooden stick, when the defendant's wires were in the condition in which they were afterwards ascertained to be.  *Held:*

1. The petition as amended set forth a cause of action and was not subject to general demurrer.  See *Atlanta Con. St. Ry. Co.* v. *Owings,* 97 *Ga.* 663 (25 S. E. 377, 33 L. R. A. 798) ; *Denson* v.· *Ga. Ry. & El. Co.,* 135 *Ga.* 132 (68 S. E. 1113) ; Shearman & Redfield on Negligence,· § 698; Minneapolis Gen. El. Co. v. Cronon, 166 Fed. 651 (20 L. R. A. (N. S.) 816, 92 C. C. A. 345) ; 15 Cyc. 479 (III).

2. .The several grounds of special demurrer were met by amendment.

    *Judgment reversed.  All the Justices concur, except Beck, J., dissenting.*

                              SEPTEMBER 27, 1913.

. Action for damages.  Before Judge George.  Ben Hill superior court.  March 9, 1912.

*Max Isaac,* for plaintiff.  *Elkins & Wall,* for defendant.