11545.   JACKSON *v.* GOLDIN.

STEPHENS, J.   1. A verdict for the defendant is necessarily a finding against the plaintiff's right to recover; and therefore any alleged error upon the subject of the amount of damages is harmless, unless it is in some way calculated to affect the verdict upon the question of liability. *McBride* v. *Georgia Ry. &c. Co.,* 125 *Ga.* 515 (54 S. E. 674). Where in a personal injury suit a verdict had been rendered for the defendant, thus negativing the plaintiff's right to recover, a statement made by the court, in the charge to the jury, to the effect that the evidence was insufficient to authorize the submission to them of the question of permanent incapacity to labor and to earn money, could not have influenced the jury upon the question of liability, and was therefore harmless. An exception upon the ground that this statement amounted to an expression of opinion on the facts is without merit.

2. While a high degree of care to prevent injury is required of one maintaining a highly dangerous instrumentality, such as electricity, where other persons are likely to come in contact with it, this does not in any way affect the rule that the person maintaining such instrumentality is required to exercise only ordinary care. Ordinary care is only that reasonable care and caution which an ordinarily cautious and prudent person would exercise under the same or similar circumstances. Where the plaintiff seeks to recover for injuries received as a result of the defendant's alleged negligent maintenance of an electrical apparatus, a

charge by the court that the defendant in maintaining such apparatus was required to exercise "ordinary care," which the court defined as being "that care that every prudent man would exercise under the same or similar circumstances," properly instructed the jury as to the degree of care resting on the defendant, and a failure to charge "as to the duty of the master to exercise due care and diligence for the safety of his employees according to the character of the instrument" was not error.

3. The evidence authorized the verdict for the defendant, and, no error of law appearing, the court did not err in overruling the plaintiff's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*

DECIDED FEBRUARY 15, 1921.

Action for damages; from city court of Atlanta — Judge Reid, April 24, 1920.

*Hill & Adams,* for plaintiff.

*Rosser, Slaton, Phillips & Hopkins,* for defendant.