32899.   McCULLOUGH *v.* GEORGIA POWER COMPANY.

Decided March 17, 1950.   Rehearing denied March 29, 1950.

*Israel Katz, David Gershon, W. Neal Baird, Neely, Marshall & Greene,* for plaintiff in error.

*Allen E. Lockerman, MacDougald, Troutman, Sams & Schroder,* contra.

FELTON, J.   This is an unusual case in that instead of alleging facts showing probable general negligence of the defendant by reason of such facts, on the theory that if the defendant was negligent it would be immaterial how the injuries occurred or that they occurred in a way which might not have been actually anticipated, the plaintiff seeks to allege a case by showing facts which ordinarily would not constitute negligence, but which are deemed to be sufficient to carry the case to the jury on the theory that the particular kind of injury here involved should have been anticipated including the contributory negligence of the person injured or those working with him.   Unless the petition alleges facts which charge the defendant with the duty of anticipating that an attempt would be made to extract the pipe without disconnecting it and that those working with the pipe would be negligent in handling it, it would not set forth a cause of action because it would show no reason why the defendant owed anyone a duty to insulate the wires or put them higher from the ground under the facts alleged.   The allegations on this question do not specifically contain the statement that the defendant knew that the pipe might be taken from the ground without being disconnected, but if they did, it is not alleged that the defendant should have known that the men working with the pipe would negligently permit it to get out of control and come in contact with the electric wires.   We recognize the rule that if the defendant was negligent its negligence would still be a contributing proximate cause even if the men working with the pipe were negligent, provided the defendant is charged with the duty of anticipating the concurring negligence.   We think the petition is defective in this particular.   It does not allege facts charging the defendant with the duty of anticipating the negligence of the men working with the pipe.   It is alleged that the defendant knew of similar accidents in other States and in areas served by

the defendant but this allegation is to general and uncertain for the purpose intended and the similarity is construed simply to mean that they involve cleaning wells. Such a general allegation cannot be construed on demurrer to mean that the similar incidents were identical in every particular with the facts of this case. A similar incident could be one where the electric company built its line too close to the ground, contrary to good safety practice and regulations, and where there was no negligence on the part of others. Boiled down, such an allegation simply does not mean that because there have been injuries in other cases involving cleaning of wells the defendant here is charged with anticipating that men removing a forty-foot pipe will let it get away from them and fall on a highly charged wire. The fact that the height of the wires on the property here involved was 27.76 feet and at other places was above 33.86 feet is irrelevant in the absence of an allegation of facts to show that placing them at a height of 27.76 feet was negligence. In this case the alleged duty to anticipate negligence is the sole foundation of the alleged negligence of the defendant. We do not think the petition sets forth a cause of action. The following cases lend substantial support to this conclusion: Webb v. Louisiana Power & Light Co., (La.) 199 So. 451; Welsh v. Gulf States Utilities Co. (La.) 32 So. (2d) 723); Roberts v. Missisippi Power & Light Co., 193 Miss. 627 (10 So. 2d, 542); Arkansas Power & Light Co. v. Prince, 215 Arkansas—(219 S. W. 2d, 766). Plaintiff in error cites numerous cases. They are all distinguishable on their facts. We will distinguish only those warranting consideration. In *Sedlmeyr* v. *Fitzgerald*, 140 *Ga.* 614 (79 S. E. 469), the defendant municipality had actual notice that the house which came in contact with its wires was to be moved. In *Clinton* v. *Gunn-Willis Lumber Co.*, 77 *Ga. App.* 643 (49 S. E. 2d, 143), there was a changing condition from day to day, i.e., the building up of the sawdust pile toward the defendant's wires, while in the instant case the situation had remained static since the erection of the wires. The case of Greenwood v. Eastern Oregon Light & Power Co., 67 Ore. 433 (136 Pac. 336), concerned a situation where the defendant had strung its wires across a highway at a height of 30 feet above the surface of such highway in a locality where hay derricks of the kind and height

involved were in common use upon such highway. In Card *v.* Wenatchee Valley Gas & Electric Co., 77 Wash. 564 (137 Pac. 1047), the defendant's wires were strung over the plaintiff's land at a height of 17 feet above the ground in an area where irrigation using pipe in 20-foot sections was common. In Braun *v.* Buffalo General Elec. Co., 200 N. Y. 484 (94 N. E. 206), the neighborhood in which the defendant's wire was strung had changed materially in its nature to that of a residential section since the erection of such wire and the court charged the defendant with notice of such gradual change. In Neumann *v.* Interstate Power Co., 179 Minn. 46 (228 N. W. 342), the defendant's high voltage wire was 19 feet above the ground in a populated village and ran near a cess-pool that had to be cleaned out frequently and there were facts showing notice to the defendant through its agent that such cess-pool had been cleaned out in a manner like that used when the fatalities occurred. Too, the defendant had been warned by the municipality two years before to post warning signs of such dangerous situation. Cooper *v.* North Coast Power Co., 117 Ore. 652 (244 Pac. 665), presented a situation where the defendant's wires were strung immediately over a tree with low branches easily accessible for climbing and located in a public picnic spot frequented by many children. The cases of Walpole *v.* Tenn. Light & Power Co., 19 Tenn. App. 352 (89 S. W. 2d, 174), and Green River Rural Electric Co-op Corp. *v.* Blandford, 306 Ky. 125 (206 S. W. 2d, 475), involved situations where the defendant's wires were strung through trees near the well-houses being cleaned out. In Sullivan *v.* Alabama Power Co., 246 Ala. 262 (20 So. 2d, 224), the defendant's wire was strung 20 feet 5 inches above the ground in a unique farming settlement, a Farm Security Administration venture for small farm homes, which contemplated farming on the premises. Hay wagons loaded with hay had to traverse a way under the line to the road. The court there said: "In fact, we draw a substantial inference from the testimony of some witnesses that, near the house and as it crossed the premises, the line elevation from the ground was below the minimum requirements of the National Electric Safety Code approved by the Federal Bureau of Standards, which alone presented a question of negligence."

The court did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. Sutton, C. J., and Worrill, J., concur.*