35894. GILBERT *v.* OCMULGEE ELECTRIC MEMBERSHIP CORPORATION.

DECIDED JANUARY 19, 1956.

*Robert S. Horne,* for plaintiff in error.

*John D. Comer, Harris, Russell, Weaver & Watkins,* contra.

FELTON, C. J. The facts, and the allegations setting them out, are very similar to those in the cases of *McCullough* v. *Georgia Power Co.,* 81 *Ga. App.* 293 (58 S. E. 2d 505) and *Lamar Electric Membership Corp.* v. *Carroll,* 89 *Ga. App.* 440 (79 S. E. 2d 832). In the instant case the deceased, a 14 year old boy, was assisting two co-workers in cleaning and repairing a well. In order to clean or repair the strainer at the bottom of the well pipe, the 30-foot well pipe had to be removed. The pipe was removed and was laid on the ground. The two co-workers unstopped the strainer and proceeded to replace the pipe. The deceased was holding the lower end of the pipe and was guiding it into the well, keeping his eyes toward the ground. The two co-workers were holding the other end of the pipe, hoisting it so that it would pass vertically into the well. The pipe came into contact with an 8,700 volt, uninsulated wire and the deceased was electrocuted. The wire had been strung directly over the well-house without any horizontal clearance and at a height of 19 feet, 8 inches above the ground at that point.

Unlike the *McCullough* case, the instant case alleges that the defendant had reason to anticipate that the co-workers would be negligent in allowing the pipe to come in contact with the electric wire and that the defendant was negligent in not anticipating such negligence. The general allegation that the defendant should have anticipated the co-workers' negligence and that he was negligent in failing to do so was sufficient as against a general demurrer. *Bass* v. *Southern Enterprises, Inc.,* 32 *Ga. App.* 399 (1) (123 S. E. 753).

In the *Lamar Electric* case the court held (p. 456) that in such

case "that deficiency [notice that the co-workers might be negligent in handling the pipe] [was] effectively supplied by allegations that the defendant knew that those handling the pipe might be negligent and by fully setting forth sufficient facts to support that allegation." The defendant in error contends that this holding requires the plaintiff to allege the facts showing why the defendant should have anticipated that the co-workers might be negligent as against a general demurrer. The contention is without merit. While the detailed facts as to why the defendant had notice that the co-workers might be negligent were alleged in that case, it was not necessary that they be alleged in order to withstand a general demurrer. The court by such statement was not setting a minimum requirement as to what is necessary in such a case to allege such negligence on the part of the defendant but merely stated that in that case the petition not only contained a general allegation as to such negligence but went further and set out in particular the reasons why the defendant was negligent in not anticipating the negligence of the co-workers, which, of course, was all the more reason why the petition alleged a good cause of action as against a general demurrer.

The plaintiff alleged that the manner in which the power lines were constructed violated certain provisions of the National Electrical Safety Code and that such violations constituted negligence. The plaintiff does not allege what the National Electrical Safety Code is, whether it is law, regulation, advisory, or what. Unlike the courts of Alabama, this court cannot take judicial cognizance of that code or of its nature. It is possible that an act which is contrary to what is prescribed in such a code might constitute negligence, but under the pleadings in this case it would be because the act itself independently of the code constituted negligence under the circumstances and not merely because it was in violation of the provisions of that code.

The amended petition alleged a cause of action against a general demurrer and the court erred in sustaining the general demurrer and in dismissing the action.

*Judgment reversed. Quillian and Nichols, JJ., concur.*