## 49531. GEORGIA POWER COMPANY v. WILLIAMS.

EBERHARDT, Presiding Judge.

Plaintiff brought this action for personal injuries against defendant, Georgia Power Company, on the ground that defendant was negligent in maintaining its electric wires in such a manner as to cause injury to plaintiff's decedent. A jury returned a verdict for plaintiff in the amount claimed, $25,000, and judgment was entered thereon. Defendant moved for a judgment notwithstanding the verdict as well as for new trial. The motion for new trial was abandoned and the trial court entered an order overruling the motion for judgment n.o.v. from which plaintiff appeals.

Testimony from plaintiff's witnesses at trial showed that plaintiff's decedent and Henry Morrissette were preparing to raise a television antenna outside the house of Morrissette. The two men were standing approximately seven to ten feet from the side of the house and directly under the utility lines of defendant. Plaintiff's witnesses estimated the total length of the antenna to be 20 to 30 feet. There were no eyewitnesses to what actually happened (Morrissette died instantly

from electrocution and plaintiff's decedent, who was injured by the electricity, died before the trial from other causes), but witnesses, who were either inside the Morrissette house or on the front porch, testified as to a large flash of light and sparks from the direction of the power line, to their left and rear. Rushing out to the side of the house they found Morrissette lying on the ground dead, and plaintiff's decedent severely burned on the right foot. Beside them lay a television antenna, which had burned spots on it. Plaintiff's witnesses testified that there were two wires overhead, one running directly under the other and that there was also a service line that came into the house on the same side and from a pole to which the other two lines were attached. The service wire was insulated, but the two high tension or transmission line wires were not. Plaintiff's witnesses *estimated* the height of the uninsulated wires from the point on the ground where the two men stood to the bottom wire to be 19 feet and to the top wire 20 feet. Plaintiff's decedent and Morrissette lived next door to each other, and both houses had been served by defendant's electricity for a number of years.

The defendants' witnesses testified that the utility lines were placed across the Morrissette property in 1956 by right of easement granted to them from Mrs. Cox, who had lived in the house since 1952. The power lines in question ran vertically (one over the other), the top line carrying 7,200 volts of electrical current and the bottom line being a neutral ground wire. *Measurements* made by defendants' witnesses showed that from the approximate point on the ground where plaintiff's decedent was standing, the lower wire was 21 feet 9 inches above the ground and the top wire was 24 feet 5 inches high. At its closest point the primary wire passed laterally 7 feet 7 inches from the side of the house and vertically 16 feet from the roof. Defendant's expert witnesses testified that the best possible insulation for the primary wire was air space, that is surrounding the wire with sufficient space so as not to interfere with the public; that the insulation on the service wire was not insulation from touching by the public but from touching of the wires by the other wires within the bundle; that the minimum height

standards in the electrical industry for an uninsulated 7,200 volt wire was 15 feet above ground in an open field, but in areas where there was pedestrian or vehicular traffic, 20 feet was the minimum height; that the minimum requirements in the industry as to clearance of a 7,200 volt wire from a building was three feet from the side of the structure and eight feet above it; and that the lines in question complied with the National Electric Safety Code.

There was no evidence of warning signs on the poles or lines or anywhere near the house in question.

Both at the end of plaintiff's case and at the end of all the evidence, defendant moved for a directed verdict, which was denied on each occasion. *Held:*

1. Facts may be proved by circumstantial evidence as well as by direct evidence. *Old Colony Ins. Co. v. Dressel,* 109 Ga. App. 465 (2) (136 SE2d 525), affirmed 220 Ga. 354 (138 SE2d 886). There was sufficient circumstantial evidence to authorize a finding that the decedent's injuries resulted from contact of the television antenna with the defendant's electrical wires.

2. The use of uninsulated high tension wires by a power company in the transmission of electricity is not negligence. *Crosby v. Savannah Electric &c. Co.,* 114 Ga. App. 193 (3) (150 SE2d 563). Where the company maintains its wires at a height such that it is not reasonable to anticipate that people will, in their normal living and passing under them, come in contact with them, insulation is not required. 29 CJS 1073, Electricity, § 42; 26 AmJur2d 332, Electricity, § 122; Croxton v. Duke Power Co., 181 F2d 306; Morton's Admr. v. Ky.-Tenn. Light &c. Co., 282 Ky. 174 (138 SW2d 345); Buell v. Utica Gas &c. Co., 259 N. Y. 443 (182 NE 77); Webb v. Louisiana Power &c. Co., (La. App.) 199 S 451; Trimyer v. Norfolk Tallow Co., 192 Va. 776 (66 SE2d 441); Glasscock v. United States, 207 FSupp. 318. There is no safe and economic method of insulating transmission lines designed to carry the high voltage required today, save elevation above foreseeable danger heights.

3. Defendant contends that it is entitled to a judgment notwithstanding the verdict, because the plaintiff failed to prove defendant was negligent and

because the plaintiff's decedent was himself negligent. (We do not reach the issue of the decedent's negligence or assumption of risk since we reverse on other grounds.)

The standard of care in the maintenance of electrically charged wires is that which a reasonably prudent man would exercise under similar circumstances and is therefore ordinary care. *Savannah Elec. Co. v. Bell,* 124 Ga. 663 (53 SE 109); *Denson v. Ga. R. & Elec. Co.,* 135 Ga. 132 (68 SE 1113); *Jackson v. Goldin,* 26 Ga. App. 283 (106 SE 12); *Darden v. Mayor &c. of Washington,* 35 Ga. App. 777 (134 SE 813); *Georgia Power Co. v. Kinard,* 47 Ga. App. 483 (170 SE 688). In our view the defendant's liability for injury resulting from contact with an uninsulated high tension wire arises only . when it is reasonable for the company to foresee that contact might be made with its uninsulated wire; i.e., that there is a reasonably foreseeable danger of harm to plaintiff created by the defendant's wires. *Georgia Power Co. v. Carden,* 128 Ga. App. 347 (196 SE2d 477). Toward this end, the plaintiff sought by his evidence and cross examination to emphasize defendant's knowledge of the residence in close proximity to its wire, and that it was customary throughout that region for persons to raise television antennae outside their residences, and that therefore defendant should have known that the decedent's antenna would contact its wire.

Ordinarily, foreseeability is a question of fact for the jury. *Hicks v. M. H. A.,* 107 Ga. App. 290, 293 (129 SE2d 817). Nevertheless, where the evidence on the issue of negligence "is palpably clear, plain and indisputable," the court will resolve the matter without the intervention of a jury. *Bolden v. Barnes,* 117 Ga. App. 862 (162 SE2d 307); *Benefield v. McDonough Const. Co.,* 106 Ga. App. 194 (126 SE2d 704). See e. g., *Williams v. Gibbs,* 123 Ga. App. 677 (182 SE2d 164); *Daneker v. Megrue,* 114 Ga. App. 312 (151 SE2d 157); *Moses v. Chapman,* 113 Ga. App. 845 (149 SE2d 850).

The question of foreseeability in the utility line situation was dealt with in *Georgia Power Co. v. Carden,* 128 Ga. App. 347, supra, affirmed in *Carden v. Georgia Power Co.,* 231 Ga. 456 (202 SE2d 55). There the plaintiff was injured when a boom on a truck on which he was

riding contacted defendant's uninsulated wire which was 24 feet 4 inches over a private roadway. This court reversed the denial by the trial court of defendant's motion for summary judgment specifically on the issue of defendant's negligence and more particularly on the question of foreseeability. The court concluded that, in effect, under those circumstances there was no material issue of fact before the trial court for resolution by a jury, and that the defendant was not negligent as a matter of law.

In affirming that decision the Georgia Supreme Court stated: "In our present mode of living in Georgia, in a society in which the transmission of electricity is an absolute necessity for our economic, social and cultural well-being, we hold that the mere maintenance, without more, of high tension lines at the minimum height shown by the evidence in this case does not create any risks within the scope of the duty owed as hereinbefore defined. In short, the mere maintenance, without more, of high tension wires at a minimum height of twenty-four feet four inches above a traveled roadway is not actionable negligence." *Carden v. Georgia Power Co.,* 231 Ga. 456, 457, supra. The Supreme Court specifically disapproved the holding in *Reighard v. Georgia Power Co.,* 119 Ga. App. 640 (168 SE2d 639) insofar as it was contrary to its decision.

The facts in the present case, even though they involve an individual not on a construction site at the time of his injury and do not involve lines over a roadway, are nevertheless governed by the same principle of law set forth in *Carden* because the common, essential question is the defendant's duty of care to the plaintiff based on foreseeability of plaintiff's coming into contact with defendant's wires.

Those cases cited by the plaintiff, *Welch v. City of Camilla,* 86 Ga. App. 609 (72 SE2d 83); *Lamar Elec. Membership Corp. v. Carroll,* 89 Ga. App. 440 (79 SE2d 832); *Planters Elec. Membership Corp. v. Burke,* 98 Ga. App. 380 (105 SE2d 787); and *McCullough v. Georgia Power Co.,* 81 Ga. App. 293 (58 SE2d 505), are all demurrer cases but they do not require the question of defendant's negligence to be submitted to a jury in every

case. There have been and undoubtedly will be in the future cases where the evidence of defendant power company's conduct in the maintenance and operation of its lines warrants submission of this issue to the jury. However, in light of the *Carden* case, the evidence in the present case demanded a finding for the defendant. There was no proof of negligence on its part.

*Judgment reversed. Deen and Stolz, JJ., concur.*

ARGUED JUNE 27, 1974 — DECIDED SEPTEMBER 9, 1974 — REHEARING DENIED OCTOBER 11, 1974 —

*Bouhan, Williams & Levy, Frank W. Seiler, Burnside, Dye & Miller, A. Montague Miller,* for appellant.

*Richard D. Phillips,* for appellee.