49990. ANDERSON v. SAFFOLD et al.

ARGUED JANUARY 9, 1975 — DECIDED JANUARY 29, 1975 —
REHEARING DENIED FEBRUARY 19, 1975.

*Levine & Roane, Irwin M. Levine,* for appellant.
*Jones, Cork, Miller & Benton, Wallace Miller, Jr., W. Warren Plowden, Jr.,* for appellees.

PANNELL, Presiding Judge.

The case against Central Georgia Electric Membership Corporation is controlled adversely to appellant by the rulings in *Carden v. Ga. Power Co.,* 231 Ga. 456, supra; and *Ga. Power Co. v. Carden,* 128 Ga. App. 347 (196 SE2d 477); and by *Ga. Power Co. v. Williams,* 132 Ga. App. 874, supra.

The judge's order in the case against S. J. Saffold, Sr., reads in part as follows: "It seems clear that an essential element of actionable negligence is foreseeability (that injury would have resulted) which would have required Saffold as the landowner to warn the deceased of likely injury or a fatality under the existing situations in this case. *Hulsey v. Hightower,* 44 Ga. App. 455 (161 SE 664). The determination is to be made according to the circumstances that existed at the time of the injury. *Pfeifer v. Yellow Cab Co. of Atlanta,* 88 Ga. App. 221 (76 SE2d 225); *Daneker v. Megrue,* 114 Ga. App. 312 (151 SE2d 157). And there would have to be something to show that a

warning was needed because unknown to Plaintiff's husband.

" '*The duty to keep premises safe for invitees applies to defects or conditions which are in the nature of hidden dangers, traps, and the like, in that they are not known to the invitee and would not be observed by him in the exercise of ordinary care.*' (Emphasis supplied.) *Day v. Trion Company,* 56 Ga. App. 1, supra.

"A finding in favor of a defendant or the sustaining of a Motion for Summary Judgment by defendant are both proper, demanded and required where both the Plaintiff and Defendant, Saffold, had knowledge of the alleged defect which caused the injury (and which could have been avoided by the exercise of ordinary care by the plaintiff's husband himself and where no *material* issue of fact remained for determination because of the deceased's familiarity with the premises. *McGeeney v. Robertson,* 102 Ga. App. 318 and *Mattison v. Jackson-Atlantic,* 129 Ga. App. 279. Defendant Saffold had no *superior* knowledge of any defect of which he should have warned, or was under the duty to warn, the deceased as a part of owner Saffold's ordinary diligence."

With this we agree.

*Judgment affirmed in each case. Quillian and Clark, JJ., concur.*