### 74211. BUTLER v. GEORGIA POWER COMPANY.
(358 SE2d 266)

CARLEY, Judge.

"The [appellant-]plaintiff in this tort action against multiple defendants alleges that he was injured while working beneath high voltage electrical lines when an electrical arcing occurred between the power line and a concrete conveyer unit, the controls of which [appellant] was holding at that time. This appeal arises from the grant of summary judgment in favor of one of the defendants, [appellee Georgia Power Company]." *Butler v. T. C. Brittain Co.*, 181 Ga. App. 774 (353 SE2d 589) (1987).

The facts, insofar as they are relevant to this appeal, are undisputed. The concrete conveyer unit that appellant was operating at the time of his injury is, when fully extended, more than 35 feet in length. The unit was mounted on a truck at a point which was some five feet above the ground. Thus, the unit was capable of being extended vertically an approximate distance of some 41 feet from the ground. Measured vertically from the point where appellant was standing at the time of his injury, appellee's closest electrical distribution line is 36-½ feet from the ground. Other than by virtue of the height of their placement above the ground, appellee's uninsulated lines were not protected against contact. Appellant saw appellee's lines before he extended the conveyer unit and was injured. However, neither appellant nor anyone else had given appellee notice pursuant to OCGA § 46-3-33 that the conveyer unit would be operated within 8 feet of the lines. On this evidence, the trial court concluded "that the lines in question were properly located and maintained. There being no evidence that [appellee] was made aware of [appellant's] activities as required by OCGA § 46-3-30 et seq., under the authority of *Malvarez v. Georgia Power Company*, 250 Ga. 568 [(300 SE2d 145) (1983)], . . . [appellant] is barred from any recovery from [appellee]." It is from that order that appellant brings this appeal.

In *Malvarez v. Ga. Power Co.*, supra at 569, our Supreme Court held: "Although an employee as well as his employer may in some

circumstances be a 'person responsible' for notifying the line owner or operator (OCGA § 46-3-30, [cit.]), *lack of such notification is a bar to recovery only where the lines are 'otherwise properly located and maintained.'* [Cit.] *One whose injury is caused by negligent installation or maintenance of high-voltage lines,* even where such injury occurs while engaged in acts enumerated in OCGA § 46-3-32 ([cit.]) within eight feet of the lines, *is not barred by failure to give notice."* (Emphasis supplied.)

There being no notification to appellee of appellant's ultimately injurious "construction work" activity, resolution of this case thus depends upon whether appellee breached its duty as to the installation and maintenance of its wires. If a genuine issue of material fact remains concerning appellee's negligence in this regard, the trial court erred in granting appellant's motion for summary judgment notwithstanding the lack of notification. If no such issue remains, summary judgment was proper since, absent notification, appellee owed no duty to appellant, the breach of which was a proximate cause of his injury.

Appellant's position is, in essence, that the question of a power company's negligence in the installation and maintenance of its electric wires is always a jury question. This position is not supported by the case law. See *Carden v. Ga. Power Co.,* 231 Ga. 456 (202 SE2d 55) (1973) (summary judgment to power company affirmed); *Georgia Power Co. v. Williams,* 132 Ga. App. 874 (209 SE2d 648) (1974) (denial of power company's motion for summary judgment reversed); *Anderson v. Saffold,* 134 Ga. App. 31 (213 SE2d 127) (1975) (summary judgment to power company affirmed). The evidence in this case is only that appellee installed and maintained uninsulated high-voltage electric lines some 36-½ feet above the ground where appellant was standing when he was injured. "The use of uninsulated high tension wires by a power company in the transmission of electricity is not negligence. [Cit.] Where the company maintains its wires at a height such that it is not reasonable to anticipate that people will, in their normal living and passing under them, come in contact with them, insulation is not required. [Cits.]" *Georgia Power Co. v. Williams,* supra at 876 (2). "In our view the [power company's] liability for injury resulting from contact with an uninsulated high tension wire arises only when it is reasonable for the company to foresee that contact might be made with its uninsulated wire, i.e., that there is a reasonably foreseeable danger of harm to [appellant] created by [appellee's] wires. [Cit.]" *Georgia Power Co. v. Williams,* supra at 877 (3). "[T]he mere maintenance, without more, of high tension wires at a minimum height of twenty-four feet four inches above a traveled roadway is not actionable negligence." *Carden v. Ga. Power Co.,* supra at 457.

It appears that appellee's electric lines were not even passing

*over* a traveled roadway at the point where the conveyer unit made contact with them. The evidence of record indicates that it was at some point *off* a traveled roadway that appellant parked the truck and then extended the conveyer unit. If the installation and maintenance of uninsulated electric wires some 24 feet and 2 inches above a traveled roadway is not, as a matter of law, negligence, then it is certainly not reasonable to anticipate that people will, in their normal living and passing under them, ever come into contact with such wires as are installed and maintained some 36-½ feet above an area where neither pedestrian nor vehicular traffic is otherwise to be expected. Moreover, even assuming that the power lines were located over an area where pedestrian or vehicular traffic was otherwise expected to be passing underneath, it is undisputed that the lines were installed and maintained at a height such that it was not reasonable to anticipate that people would, in their normal living and passing under them, ever come into contact with those lines. Appellant was not merely passing under appellee's lines. "But for" appellant's "construction work" activity under the wires, contact with them would never have been made. The effect of holding that, notwithstanding the lack of any notice to appellee of that activity, it may still be held liable to appellant would be to negate the provisions of OCGA § 46-3-33. The trial court did not err in granting summary judgment in favor of appellee. See *Carden v. Ga. Power Co.*, supra.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED MAY 20, 1987 —
REHEARING DENIED JUNE 1, 1987 — 

*Ronald A. Lowry*, for appellant.
*Thomas C. Taylor, Robert L. Pennington*, for appellee.