74887. LYNCH v. GEORGIA POWER COMPANY.
(363 SE2d 777)

CARLEY, Judge.

Appellant-plaintiff, who is a painter, attempted to lean an aluminum ladder against the side of an apartment house. The ladder fell backwards and came into close proximity to a power line belonging to appellee-defendant. An electric arc formed and appellant was seri-

ously burned. Appellant filed this action, alleging that appellee had negligently installed and maintained its power line and that such negligence on the part of appellee was the proximate cause of his injury.

Appellee answered, denying the material allegations of appellant's complaint. Appellee subsequently moved for summary judgment, asserting that it was not negligent and that, pursuant to OCGA § 46-3-33, the lack of any notification to it of appellant's activities was a bar to his recovery. In support of its motion, appellee produced evidence that its power line did not pass within 8 feet of the building and that, under all of the existing circumstances, there was no negligence as to either its installation or maintenance of the power line. The trial court granted summary judgment in favor of appellee and appellant appealed. In *Lynch v. Ga. Power Co.*, 180 Ga. App. 178 (348 SE2d 719) (1986), this court reversed because, in making its ruling, the trial court had considered appellant's unfiled deposition. After the case was returned to the trial court, appellee filed appellant's deposition and then renewed its motion for summary judgment. The trial court granted appellee's renewed motion and appellant appeals from the grant of summary judgment in favor of appellee.

1. Appellant does not assert that such evidence as appellee produced in support of its motion for summary judgment would, if unrebutted, be insufficient to meet appellee's burden as a movant to prove its non-negligent installation and maintenance of the electric wire in question. Instead, appellant contends only that the evidence which he produced in opposition to the motion for summary judgment was sufficient to rebut appellee's evidence and showed that a genuine issue of material fact remained with regard to appellee's alleged negligence.

Appellant submitted, in opposition to appellee's motion, the affidavit and deposition of an expert. In his affidavit, the expert opined that, as installed and maintained, appellee's electric wire was not in compliance with certain provisions of the National Electric Safety Code (NESC). However, neither certified nor sworn copies of the specific provisions of the NESC upon which the expert relied in reaching his opinion were attached to his affidavit. OCGA § 9-11-56 (e). Uncertified copies of the NESC provisions do appear as exhibits which were attached to the deposition of the expert. However, during his deposition, the expert stated that those provisions upon which he was relying were from the NESC as it had been approved on August 15, 1981. The incident giving rise to this suit occurred in May 1981, which was some months *prior* to the approval of the provisions of the NESC upon which the opinion of appellant's expert was based. "[A]ny evidence as would conceivably be 'illustrative' of what might constitute the exercise of 'ordinary care' in the specific situation at issue, including private guidelines, is relevant and admissible for whatever consideration in that regard the jury wishes to give to it. [Cit.]" *Luckie v.*

*Piggly-Wiggly Southern,* 173 Ga. App. 177, 178 (1) (325 SE2d 844) (1984). However, such private guidelines as were promulgated *after* the specific situation at issue do not constitute evidence which would be admissible for consideration on the issue of negligence. See generally *Kilgore v. Nasworthy,* 124 Ga. App. 261, 262 (4) (183 SE2d 481) (1971). Accordingly, the trial court correctly ruled that the NESC provisions relied upon by appellant's expert witness were "not applicable to the present case" and that the opinion based solely upon those inapplicable provisions had no probative value. The only NESC provisions which were shown to be applicable *and* which were properly in evidence were those of the 1961 NESC. That the placement of the lines in question complied with those provisions is not disputed.

Appellant further argues that his own affidavit creates an issue of fact as to whether the electric wire passed within 8 feet of the apartment building. Appellant urges that there thus remained for jury resolution the question of whether the electric wire was, as located, in violation of the very standard of care that appellee's own evidence showed to be applicable under the existing circumstances. However, appellant's affidavit states only that the electric line was *"probably less than eight feet"* from the apartment building. (Emphasis supplied.) In his subsequent deposition, appellant acknowledged the correctness of appellee's *actual* measurements which showed that the distance of the electric line from the apartment building was greater than 8 feet. See *Lynch v. Ga. Power Co.,* supra. Appellant's own expert testified that, by his *actual* measurements, the electric wire was more than 8 feet from the building. Thus, notwithstanding appellant's estimate that the distance was "probably less than 8 feet," the uncontroverted evidence as to the actual measurement of the distance shows it to be greater than 8 feet. Evidence as to the actual measurement of a distance will control over an estimate as to that distance. See generally *Georgia Power Co. v. Williams,* 132 Ga. App. 874 (209 SE2d 648) (1974). Accordingly, the trial court did not err in ruling that the original estimate of the distance contained in appellant's affidavit did not create a jury issue as to whether appellee's electric wire passed within 8 feet of the apartment building. Since appellant does not contend that unrebutted evidence that the electric wire was located at a distance greater than 8 feet from the building would not demand a finding of appellee's non-negligence under the circumstances, the trial court did not err in granting summary judgment in favor of appellee as to that issue.

2. Because no genuine issue of material fact remained as to appellee's non-negligence in installing and maintaining the electric wire, the trial court did not err in holding that the failure to provide notice to appellee of appellant's activities was a bar to liability. " 'But for' appellant's 'construction work' activity under the wires, contact with

them would never have been made. The effect of holding that, notwithstanding the lack of any notice to appellee of that activity, it may still be held liable to appellant would be to negate the provisions of OCGA § 46-3-33. The trial court did not err in granting summary judgment in favor of appellee. [Cit.]" *Butler v. Ga. Power Co.*, 183 Ga. App. 144, 146 (358 SE2d 266) (1987).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 18, 1987 —
REHEARING DENIED DECEMBER 11, 1987 —

*George H. Connell, Jr.*, for appellant.
*Robert L. Pennington, Scott A. Farrow, Kevin C. Greene*, for appellee.