## A91A1642. JOHNSON v. RICHARDSON.
### (414 SE2d 698)

CARLEY, Presiding Judge.

While installing cable television wire on appellee-defendant's property, appellant-plaintiff made contact with a live electrical wire. Appellant brought suit to recover for his injuries and, after discovery, appellee moved for summary judgment. The trial court granted appellee's motion, and appellant appeals.

1. Where, as here, work is to be done within eight feet of a high-voltage line, OCGA § 46-3-33 (a) requires that the "person or persons responsible for the work to be done" give prompt notification to the owner or operator of the lines and provides that such person or persons will bear responsibility for the completion of the safety measures mandated by OCGA § 46-3-32. See also OCGA § 46-3-31. Appellant urges that a genuine issue of material fact remains as to appellee's negligence per se in failing to fulfill these requirements.

OCGA § 46-3-30 (2) provides, in relevant part, that the " '[p]erson responsible for the work to be done' means a person, or his agent, who *physically* operates, erects, handles, stores, or transports any tools, machinery, equipment, supplies, materials, or apparatus . . . under, over, by, or near high-voltage lines. This term also means a person, or his agent, *who employs and carries on his payroll* any person who physically operates, erects, handles, stores, or transports any tools, machinery, equipment, supplies, materials, or apparatus . . . under, over, by, or near high-voltage lines. . . ." (Emphasis supplied.) Appellee did not come within this definition, as he neither physically installed any cable television wire himself, nor did he carry appellant on his payroll. "It seems clear that the persons and activities toward which [OCGA § 46-3-30 et seq.] is directed are those *businesses*, whether giant corporations or one-man concerns, whose *usual* activities would foreseeably bring their *employees* within close proximity to high voltage lines." (Emphasis supplied.) *Savannah Elec. & Power Co. v. Holton*, 127 Ga. App. 447, 451 (3) (193 SE2d 866) (1972).

Accordingly, the trial court did not err in finding that appellee was not a "person responsible for the work to be done" and was not, therefore, liable to appellant pursuant to OCGA § 46-3-30 et seq.

2. Appellant urges that a genuine issue of material fact remains as to appellee's breach of the duty owed as a landowner.

" 'There is no liability from ownership alone, (cits.), or from joint

ownership, (cit.), or from cotenancy, (cit.). It must appear that the injury resulted from a breach of some duty owed by the defendant to the injured party.' [Cit.]" *Daniel v. Ga. Power Co.*, 146 Ga. App. 596, 600 (5) (247 SE2d 139) (1978). In the instant case, there was no breach of the duty to keep the premises safe for invitees because there is no assertion of the existence of any defects or conditions which were in the nature of hidden dangers, traps, and the like, such that they would not be known to appellant and would not be observed by him in the exercise of ordinary care. See *Anderson v. Saffold*, 134 Ga. App. 31, 34 (213 SE2d 127) (1975). Appellant was injured by contact with the high-voltage line or the transformer and there is no contention that either the high-voltage line or the transformer was negligently positioned or maintained. To the contrary, " '[b]ut for' appellant's '[cable television] work' activity [near] the [live wire], contact with [it] would never have been made." *Butler v. Ga. Power Co.*, 183 Ga. App. 144, 146 (358 SE2d 266) (1987). Moreover, appellant had previous experience installing cable television and had occasion to attach cable to power poles beneath the electrical wires and transformers. Thus, appellee met his burden on summary judgment of showing that he " 'had no *superior* knowledge of any defect of which he should have warned, or was under the duty to warn, [appellant] as a part of [appellee's] ordinary diligence.' " (Emphasis in original.) *Anderson v. Saffold*, supra at 34.

3. In light of our holding as to appellant's first two enumerations of error, we need not address his final enumeration which alleges that the trial court erred in concluding that appellant assumed the risk as a matter of law.

*Judgment affirmed. Beasley, J., and Judge Arnold Shulman concur.*

DECIDED JANUARY 10, 1992.

*Johnson & Ward, William C. Lanham, Clark H. McGehee*, for appellant.

*Boling, Rice & Bettis, Larry H. Boling*, for appellee.