## A94A2452. PYE v. TAYLOR & BIRD, INC.
### (456 SE2d 63)

POPE, Presiding Judge.

Plaintiff appeals from the trial court's grant of summary judgment to defendant in this slip and fall case.

In September 1991, Rosa Lee Pye was a resident at the Claxton Nursing Home, which is owned by defendant Taylor & Bird, Inc. On September 1, 1991, Mrs. Pye fell at the nursing home and broke her right arm. Approximately one year later, Mrs. Pye died from causes unrelated to this incident. On August 27, 1993, plaintiff, the administrator of Mrs. Pye's estate, sued defendant alleging that Mrs. Pye slipped and fell in a puddle of liquid substance at the nursing home, and that defendant failed to properly monitor its hallways and walkways to insure that such a substance did not pose a hazard to the nursing home's residents. Defendant answered, denying liability, and on January 11, 1994, filed a motion for summary judgment, which was supported by affidavits from two of defendant's employees, Lila Coley and Delores Mincey. Plaintiff did not respond to defendant's motion for summary judgment.

In her affidavit, social worker Delores Mincey stated that when Mrs. Pye was admitted to the nursing home, Mincey gave her an orientation tour of the facility. As part of the tour, Mincey claims she explained that the soil utility room was "off-limits" and designated as an "employee only" room. Additionally, Mincey testified that she believed that Mrs. Pye understood that she was not to go into the soil utility room. According to the affidavit testimony of Lila Coley, who was a staff nurse at the time Mrs. Pye fell and the only eyewitness to the fall, immediately prior to falling, Mrs. Pye was seen leaving the soil utility room. Upon seeing Mrs. Pye fall, Coley went to help her. Coley testified that as she looked around the scene of the accident she found no moisture on the floor, but did find moisture on Mrs. Pye's shoes. Coley stated that the only place this moisture could have come from was the soil utility room, which was used to hose down linens, and sometimes had a wet floor. Coley also stated that prior to Mrs. Pye's fall there was no moisture on the floor in the hallway. Additionally, Coley testified that she believed that Mrs. Pye understood that

the soil utility room was for "employees only" and that it was "off-limits."

By order dated May 27, 1994, the trial court granted defendant's motion for summary judgment. Plaintiff appeals and we reverse.

"On summary judgment, movant has the burden of showing there is no genuine issue as to any material fact and that [it] is entitled to judgment as a matter of law. When, as in the instant case, movant is the defendant, [it] has the additional burden of piercing the plaintiff's pleadings. But, a movant/defendant who will not bear the burden of proof at trial need not affirmatively disprove the non-moving party's case; instead, the burden on the moving party is discharged by establishing by evidence in the record that there is an absence of evidence to support at least one essential element of the non-moving party's case. In ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion." (Citations and punctuation omitted.) *Wade v. Mitchell*, 206 Ga. App. 265, 266 (1) (424 SE2d 810) (1992). The above rules apply even when, as in this case, the non-moving party fails to file affidavits or otherwise respond to a motion for summary judgment. See *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595 (370 SE2d 843) (1988).

In applying the above rules to this case, we note that the primary business purpose of a nursing home is to take care of residents who, because of age, infirmity or some ailment, are no longer able to take care of themselves. Because of the special relationship existing between the nursing home and its residents, the residents must generally be considered invitees of the home. Accordingly, as to such residents, the nursing home has a duty to exercise ordinary care in keeping its premises safe. OCGA § 51-3-1. "The duty to keep the premises safe for invitees applies to defects or conditions which are in the nature of hidden dangers, traps, and the like, in that they are not known to the invitee and would not be observed by [her] in the exercise of ordinary care." *Anderson v. Saffold*, 134 Ga. App. 31 (213 SE2d 127) (1975). In this case, an issue of material fact exists as to whether the unlocked soil utility room, itself, constituted such a hidden danger or trap to Mrs. Pye.

We reject the argument that merely telling residents that the soil utility room was for "employees only" and "off-limits" was sufficient as a matter of law to relieve defendant of liability in this case. It is clear from the testimony of Coley that defendant knew the soil utility room was potentially dangerous because it sometimes had a wet floor. Based on such knowledge, a jury question exists as to whether defendant took adequate precautions to safeguard its residents from any potential dangers associated with the room. There is no evidence of

record that warning signs were posted outside the door to the room, or that the door had a lock on it. Moreover, Mrs. Pye's apparent unobserved entry into the room, itself, presents an issue of fact as to whether defendant even attempted to monitor the room to keep residents out. Furthermore, even though Coley and Mincey both testified that they believed that Mrs. Pye understood that she was not to enter the soil utility room, a factual issue remains regarding whether Mrs. Pye, as an elderly resident, was capable of understanding any dangers associated with entering the room. There are also issues of material fact remaining as to whether Mrs. Pye became a mere licensee by entering the room.

Based on the above, we hold that the trial court erred in granting summary judgment to defendant because there are issues of material fact in this case that must be resolved by a jury.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

DECIDED MARCH 6, 1995 —
RECONSIDERATION DENIED MARCH 23, 1995 — 

*Hugh J. McCullough, Hal T. Peel,* for appellant.
*Brannen, Searcy & Smith, David R. Smith, Robert L. Jenkins,* for appellee.